■ JAMES G. BERNHEIM, as Executor of ALFRED L. BERNHEIM, Deceased, et al., Appellants, v 136 EAST 64TH STREET CORPORATION et al., Respondents.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered July 1, 1986, which dismissed, in its entirety, the complaint of the plaintiffs-appellants tenants-shareholders against the defendants-respondents cooperative corporation and members of its board of directors, modified, on the law, to reinstate the first cause of action which alleges a breach of a fiduciary duty on the part of the board of directors and its individual members in failing to act in good faith toward the plaintiffs in violation of Business Corporation Law § 717, and otherwise affirmed, without costs.

While, in general, the board of directors of a cooperative can withhold consent to the transfer of shares and the assignment of a proprietary lease *(Weisner v 791 Park Ave. Corp.,* 6 NY2d 426), there must be good-faith action and without discriminatory practice. *(See,* Hinds, *When a Co-op Board Rejects a Buyer,* New York Times, Sunday Real Estate Section, Nov. 2, 1986.)

Here, an estate, through its executor, prior to the conver-

sion to a cooperative, negotiated an agreement with the next-door neighbors, the plaintiffs herein, for the sale of the forth-coming proprietary lease and shares of stock, contingent, of course, on the actual conversion. Thereafter, the estate purchased, bringing into effect the aforesaid transaction, and the plaintiffs applied for approval of the sale to them of the said next-door apartment. In the interim, they are paying the maintenance. Although, seemingly, the necessary letters of recommendation, financial statements and so on, showing the qualifications of the plaintiffs, were satisfactory, they were rejected. It is contended that one or more of the members of the board attempted to purchase below market and then to arrange the sale of the apartment to a third party. Inasmuch as the plaintiffs were already cooperators, for them to be rejected, there would have to be some overriding rational, reasonable basis, such as a desire to avoid the apartment being acquired for investment or resale rather than for residence. However, it is shown here that the plaintiffs need the additional space for living purposes.

If one or more members of the board was involved for personal profit in an attempt for arrangements for a sale to others, there could be a question of good-faith rejection. (See, Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 565.) The members of the board of directors have a duty to their cooperators to make determinations unencumbered by purposes other than the best interests of the people they represent. (Demas v 325 W. End Ave. Corp., 127 AD2d 476; cf., Meinhard v Salmon, 249 NY 458.) Concur—Kupferman, J. P., Ross, Milonas and Rosenberger, JJ.