■ In the Matter of JUDI BOISSON et al., Appellants, v 4 EAST HOUSING CORP. et al., Respondents.—Judgment of the Supreme Court, New York County (William P. McCooe, J.), entered October 7, 1986, which dismissed petitioners' CPLR article 78 petition, is unanimously reversed, on the law, the motion to dismiss denied, the petition reinstated and the matter remanded for further proceedings, with costs.

Petitioner Judi Boisson and her two children currently reside in apartments 1R and 3F in the cooperative apartment building at 4 East 82nd Street. The building was converted to cooperative ownership in January 1982. Prior to the conversion Boisson had been the tenant of apartment 1R. At the time of conversion Boisson assigned her right to buy apartment 1R to her parents, Serena and Edwin Schweig, also petitioners in this action. Boisson also arranged for the tenant of apartment 3F to assign her right to buy that apartment to the Schweigs. Boisson claims that she thus "out bidded" the current president of the cooperative corporation, respondent Carduner, who was also interested in purchasing apartment

3F. The Schweigs thereafter exercised the rights assigned to them and purchased both apartments.

Petitioner alleges that she has since paid her parents the purchase price for the apartments, plus interest, pursuant to a plan whereby her parents were to finance the purchase of the apartments and obtain title to the apartments, as security, until Boisson repaid the loans. The Schweigs and Boisson requested on three different occasions that the cooperative corporation's board of directors transfer the shares and leases to Boisson, but on each occasion the board of directors refused.

Petitioners subsequently commenced this article 78 proceeding, seeking an order directing the board of directors to effectuate the transfers to Boisson. Respondents answered and moved for an order dismissing the petition. Petitioners cross-moved for leave to conduct discovery to ascertain what influences the president of the board of directors had over the board's refusal of the proposed transfers. The court below denied all relief requested in the petition and in the cross motion and granted respondent's motion to dismiss the petition. Petitioners now appeal to this court.

In *Bernheim v 136 E. 64th St. Corp.* (128 AD2d 434, 435), this court held that a cooperative corporation board of directors' rejection of a prospective purchaser will be held subject to scrutiny where "one or more members of the board was involved for personal profit in an attempt for arrangements for a sale to others". In the case at bar, petitioners allege a personal "vendetta" by board president Andrew Carduner against Boisson based on her success in acquiring for her parents the right to purchase apartment 3F, which Carduner himself desired. Such facts warrant a hearing on the possible bad faith of the board in denying the requests for the transfers.

Boisson's alternative argument that she is in fact the beneficial owner of the apartment is, however, without merit. That doctrine is only applicable to corporate matters in which the corporation has no discretion to approve or disapprove transfers of ownership and which involve merely ministerial acts. *(See, Broderick v Aaron,* 264 NY 368; *Robinson v National Bank,* 95 NY 637.)* The only issue meriting a hearing, therefore, is on the question of the board's possible bad faith in denying the transfers due to a board member's alleged personal interest in one of the apartments. Concur—Sullivan, J. P., Carro, Asch, Rosenberger and Smith, JJ.