■ BARBARA K. VAN CAMP, on Behalf of Herself as a Shareholder of 48 GRAMERCY PARK NORTH, INC., Appellant, v NORMAN SHERMAN et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 3, 1986, which granted the motion of the defendants for summary judgment dismissing the complaint, is unanimously reversed, on the law and on the facts, motion denied, complaint reinstated, and judgment of said court entered thereon on December 16, 1986 is vacated, without costs.

Since 1979 a cooperative corporation has owned a five-story residential building, located at 48 Gramercy Park North, New York County. This multiple dwelling contains nine apartments. The board of directors (board) of the corporation con-

sists of nine members, and each member owns shares of stock in the corporation and occupies an apartment.

During the summer of 1981, over the opposition of board member Ms. Barbara K. Van Camp (Ms. Van Camp), the board approved the application of board member Ms. Linda M. Klein (Ms. Klein) to renovate and construct an additional room and bath on the roof of the subject building directly above her penthouse apartment.

Thereafter, in 1982, Ms. Van Camp commenced a shareholder's derivative action against board members Mr. Norman Sherman, Ms. Klein, Mr. Barry Zuckerman, Mr. Ronald Bret-Mintz, Ms. Vicki Sander, and 48 Gramercy Park North, Inc. (Cooperative Corporation) for damages in the sum of $150,000; the removal of the individual defendants as directors; and the issuance of additional shares of stock by the Cooperative Corporation to Ms. Klein to cover the increased maintenance charges and assessments concerning the subject renovation. The two causes of action of the verified complaint allege, in substance, that the defendants were guilty of corporate waste, dissipation of corporate assets, mismanagement, and self-dealing in permitting defendant Ms. Klein to appropriate valuable rooftop corporate property for her exclusive use and ownership, without the Cooperative Corporation receiving adequate consideration in return.

Following the service of their answers, the defendants moved for summary judgment, upon the basis, in substance, that the approval of Ms. Klein's application constituted a valid exercise of the business judgment of the board. Plaintiff opposed. The IAS court granted the defendants' motion, dismissed the complaint, and directed the entry of judgment in favor of defendants.

We disagree.

The Court of Appeals defines in *Auerbach v Bennett* (47 NY2d 619, 629 [1979]) the business judgment doctrine, as follows, "That doctrine bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes". Our examination of the record before this court indicates to us that there are material triable issues of fact as to whether the defendants acted "in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" *(Auerbach v Bennett, supra,* at 629) in approving Ms. Klein's application (note, *see, Matter of Boisson v 4 E. Hous. Corp.,* 129 AD2d 523 [1st Dept

1987] for a discussion of bad faith and the decisions of a board of directors of a cooperative corporation of an apartment building).

Some examples of the triable issues of fact present in the instant action are:

1. Were voting proxies improperly used by the defendants in approving Ms. Klein's application?

2. Was Mr. John W. Corrington, then a member of the board, coerced by the defendants into voting for the approval of Ms. Klein's application?

3. Did the defendants, prior to approving Ms. Klein's application, evaluate it in good faith?

4. What legal relief is available to the Cooperative Corporation if Ms. Klein fails to pay the increased cost of insurance and increased tax assessment resulting from the new construction?

5. Did the board violate the house rules which forbid the shareholders' use of the roof other than for utility maintenance?

6. Was the consideration received by the Corporation substantial, or merely illusory?

Almost 30 years ago the Court of Appeals held, in *Sillman v Twentieth Century-Fox Film Corp.* (3 NY2d 395, 404 [1957]), that issue finding rather than issue determination is the key to determining motions for summary judgment. More recently, the Court of Appeals reiterated that principle, in *Winegrad v New York Univ. Med. Center* (64 NY2d 851, 853 [1985]), when it stated "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion".

Accordingly, we reverse the IAS court, deny defendants' motion, and reinstate the complaint. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Smith, JJ.