(April 26, 1988)

■ In the Matter of JOANN FOLIC, Respondent. LORANCE HOCKERT, as Executor and Trustee of NANCY N. RUBINSTEIN, Deceased, et al., Respondents; 25 EAST 86TH STREET CORPORATION, Appellant.—Order, Surrogate's Court, New York County (Marie Lambert, S.), entered November 17, 1987, which denied the motion of 25 East 86th Street Corporation to modify or vacate prior orders of the same court, which had directed that the deceased's cooperative apartment be sold at public auction and confirmed the sale to James N. Rubinstein; and which directed the board of directors of 25 East 86th Street Corporation to approve the sale to James N. Rubinstein at said public auction and take all necessary steps to consummate the transaction, unanimously reversed, on the law, and the sale to James N. Rubinstein vacated, and the matter remanded to the Surrogate's Court for further proceedings, including a new auction sale of the apartment, with 25 East 86th Street Corporation made a party to those proceedings, without costs.

The estate of Nancy N. Rubinstein has been involved in protracted litigation concerning the decedent's cooperative apartment, located in appellant's building, which is the major asset of the estate. In an order entered April 7, 1987, following proceedings of which 25 East 86th Street Corporation (the co-op) was not notified, nor made a party to, the Surrogate directed that there be a public auction sale of the decedent's 280 shares of stock in the co-op corporation representing the

apartment. The April 7th order directed that all persons desiring to bid at said sale submit to the court financial information demonstrating that they possessed the financial resources necessary for approval by the co-op board, and that the successful high bidder, in addition, submit specific information, including the completed purchase application, two business reference letters, two social reference letters, landlord reference letter, bank balance confirmation letter, employer reference letter stating salary or W-2 form, and Federal income tax returns for a two-year period. The sale was held in open court on April 13, 1987 and James N. Rubinstein was the successful high bidder.

Upon a motion by the remainderman under the trusts created by the will of the deceased, and again without notice to the co-op and without the co-op being made a party to the action, the Surrogate confirmed the sale to James N. Rubinstein by an order entered July 31, 1987.

Following the auction, James N. Rubinstein submitted to the managing agent of the co-op an application which failed to include his Federal income tax returns and other requested information. After an exchange of correspondence, including repeated requests by the co-op for the required information and James N. Rubinstein's refusal to provide same, the co-op board of directors declined to issue its approval of the transaction. Soon thereafter the co-op moved before the Surrogate for modification of the prior orders, and the executor-trustee of the deceased moved for an order compelling the co-op board of directors to approve the sale. The Surrogate excused James N. Rubinstein's failure to submit the requisite documentation and ordered the co-op to consummate the transaction.

The Surrogate erred in allowing the matter to proceed without making the co-op corporation a party to the proceedings or at the very least providing that it be given timely notice of the actions affecting the transfer of the shares of stock and proprietary lease of one of its apartments, a matter in which it had a significant interest. When the Surrogate undertook to rule on the validity of the sale of the apartment and directed the co-op to implement the sale, the co-op's rights were directly affected and it was entitled both to be notified and to be given full opportunity to be heard.

Moreover, under the circumstances here present there was no basis for the Surrogate to direct the co-op to approve the sale to James N. Rubinstein. As a general rule, the board of directors of a cooperative apartment corporation may withhold consent to the transfer of shares and the assignment of a

proprietary lease for any reason absent bad faith or discriminatory practice. (E.g., Bernheim v 136 E. 64th St. Corp., 128 AD2d 434.) Here, there was no showing whatsoever that the co-op's refusal to approve the sale was predicated on either of those grounds. On the contrary, it is clear that because James Rubinstein did not submit his income tax returns or other information normally required by the co-op board, and ordered to be provided by the Surrogate herself in the April 7th order, there were bona fide objective reasons for the co-op board to decline to approve the sale to him under those circumstances.

Accordingly, the sale should be set aside and the matter remanded to the Surrogate for a new public sale, at which the co-op shall be afforded an opportunity to be heard and without prejudice to the participation therein of James N. Rubinstein as a prospective purchaser. Concur—Murphy, P. J., Ross, Rosenberger and Ellerin, JJ.