■ LEON W. KIRSCH et al., Appellants, v HOLIDAY SUMMER HOMES, INC., Respondent.—In an action, inter alia, to recover damages for the alleged wrongful denial of the plaintiffs' application to expand their leasehold, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (King, J.), entered March 27, 1987, which granted the defendant's

motion for partial summary judgment dismissing the fourth and fifth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiffs are the owners of a single share in the defendant corporation, Holiday Summer Homes, Inc., a housing cooperative, and thereby lease a summer bungalow located in East Fishkill, New York, from the defendant. Pursuant to the parties' lease executed on April 20, 1980, no structural additions or alterations to the dwelling may be made without the written consent of the defendant.

The plaintiffs have commenced the instant action alleging, *inter alia,* that the defendant had wrongfully and unreasonably withheld consent to construct a 10-foot-by-16-foot addition to their bungalow, and seeking an order directing the defendant to allow construction of the extension as well as compensatory and punitive damages. Following joinder of issue, the defendant moved for partial summary judgment claiming that its board of directors had acted within its authority in denying the application. The Supreme Court, Dutchess County, granted the defendant's motion. We agree.

It is well settled that issue finding rather than issue determination is the key to determining motions for summary judgment *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, *rearg denied* 3 NY2d 941; *Gervasio v Di Napoli,* 134 AD2d 235). However, once the movant has made a prima facie showing of entitlement to judgment in its favor, it becomes incumbent upon the opposing party to come forth with evidentiary facts sufficient to raise a bona fide issue *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

The decision of the defendant's board of directors to withhold consent to the plaintiffs' request for permission to construct an addition to their leased bungalow is governed by the business judgment rule which "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" *(Auerbach v Bennett,* 47 NY2d 619, 629). "[T]he court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium" *(Schoninger v Yardarm Beach Homeowners' Assn.,* 134 AD2d 1, 9), and absent a showing of fraud, self-dealing or unconscionability, will not call into question the wisdom or soundness of the business decision *(see, Fe Bland v*

*Two Trees Mgt. Co.,* 66 NY2d 556, 565; *Matter of Boisson v 4 E. Hous. Corp.,* 129 AD2d 523; *Bernheim v 136 E. 64th St. Corp.,* 128 AD2d 434).

Based upon a review of the record before us, we conclude that there is no triable issue of fact as to fraud, self-dealing, unconscionability or other misconduct, and therefore summary judgment was properly awarded to the defendant. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.