■ In the Matter of RONALD LEVANDUSKY, Appellant-Respondent, v ONE FIFTH AVENUE APARTMENT CORP., Respondent-Appellant.—In this CPLR article 78 proceeding, arising from a dispute between a proprietary lessee of a cooperative apartment and the building's board of directors, the judgment of the Supreme Court, New York County (William P. McCooe, J.), entered on or about December 8, 1988, which dismissed the petition of the petitioner proprietary lessee and granted the cross motion of the respondent cooperative corporation, directing petitioner to restore a steam riser in his apartment to its original position and to submit redesigned renovation plans to the respondent's board of directors, and which denied the cross motion of the respondent to compel the petitioner to replace air-conditioning units claimed to violate the rules and regulations of the Landmark Preservation Commission (LPC), is modified, on the law, the petition granted, and the respondent's determination directing the petitioner to stop improve-

ments, alterations and renovations in his apartment is annulled, without costs.

As the proprietary lessee of an apartment on the 26th floor of One Fifth Avenue in Manhattan, the petitioner sought approval, according to the proprietary lease and the cooperative corporation's renovation guidelines, of the board of directors for certain renovations to his apartment.

The minutes of the meeting of the board, held on March 14, 1988, stated "that all problems with the renovation have been cleared up", and the renovation plans shown to the board. The bathroom and a closet were being reversed to permit the expansion of the kitchenette. Thereafter, an inspection showed what was self-evident, that a two-inch steam riser in the former bathroom was relocated in order to effectuate the change. Since the occupant of the apartment below had already given approval to the renovations, the only one possibly affected by this was the owner of the one apartment directly above, there being a question as to whether the steam flow might possibly be lessened to that apartment because of the 90-degree-angled turns needed to relocate the riser. However, the aforementioned inspection revealed that the riser, as altered, appeared to be in good and serviceable condition.

Approval having been given and there being no dangerous aspect, there should not have been an interruption in the renovation. This was perceptively noted in the original opinion and decision of the IAS court, which was withdrawn pursuant to a motion to reargue and renew and replaced with the present decision, now being appealed.

The other issue is the question of whether the air conditioners installed by the petitioner violated regulations of the LPC in what is a designated landmark building. As to this, we affirm the determination of the IAS court that the LPC approval given to the petitioner (and to others in the building) is sufficient and that the respondent does not stand in the shoes of the LPC for the purposes of determining whether there has been compliance. Concur—Kupferman, J. P., Kassal and Ellerin, JJ.

Milonas and Wallach, JJ., dissent in part in a memorandum by Wallach, J., as follows: I dissent and would affirm the entire order appealed from. The original approval of petitioner's proposed alteration by the board of directors was noted in the minutes of its meeting on October 14, 1988, after the submission to the board of a plan which failed to furnish the slightest indication that the work proposed required the relo-

cation of a steam riser within the apartment interior. When the board discovered this feature, it promptly moved to withdraw its initial acceptance based on a long-standing building policy against relocation of steam and other plumbing risers. Such action was well within the business judgment of the board (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1; *Kirsch v Holiday Summer Homes*, 143 AD2d 811, 812, citing *Auerbach v Bennett*, 47 NY2d 619, 629), and I see no basis to interfere with that judgment here. Although petitioner has evidently expended money, time and effort to complete his renovation, that circumstance provides no reason to grant him relief because he acted clearly at his own risk in the teeth of prior board rejection.

As to respondent's cause of action raised by the cross appeal to compel petitioner to replace his air-conditioning units installed by him allegedly in violation of the rules and regulations promulgated by the Landmark Preservation Commission, I join with the majority in affirming that disposition of the IAS court.