■ Mei Ling Ng, Appellant, v Baybridge at Bayside Condominium III et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendants' election to purchase the plaintiff's condominium is unenforceable, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated January 20, 1989, as denied her motion for summary judgment on the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on her first cause of action is granted, the defendants' counterclaim is dismissed, and the plaintiff's remaining causes of action are severed for trial; and it is further,

Ordered that the matter is remitted to the Supreme Court,

Queens County, for entry of a judgment declaring that the defendants' purported exercise of the right of first refusal and election to purchase the plaintiff's condominium pursuant to the notice dated February 12, 1988, is void.

Pursuant to article XI of the bylaws of the defendant condominium, the plaintiff was required to give notice of the proposed sale of her condominium unit to the condominium's board of managers (hereinafter the board), and the board thereafter had 20 days to exercise its option to purchase the unit under the same terms and conditions as contained in the contract of sale to the third party. The plaintiff submitted an unsigned contract of sale to the board on January 29, 1988, and on February 9, 1988, the board voted to exercise its option to purchase. Thereafter, on February 12, 1988, the board's attorney notified the plaintiff's attorney of the board's vote and, six days later, the plaintiff informed the board, in essence, that the contract, which was never executed, had been submitted by mistake. Several months later, when the plaintiff submitted a new contract of sale containing a higher purchase price, the board advised her that it had the right to purchase the unit pursuant to the terms of the first contract. This action ensued, in which the plaintiff seeks, *inter alia,* a judgment declaring that the board's exercise of its option to purchase the premises pursuant to the terms of the unsigned contract is void, and the defendants seek specific performance of that contract.

We find, contrary to the Supreme Court's determination, that the plaintiff has established that she is entitled to summary judgment on her first cause of action and, therefore, a declaration that the board's purported exercise of its option to purchase is invalid. Section 2 of article XI of the bylaws of the defendant condominium specifically and unequivocally provides that the board shall not exercise an option to purchase a unit under the provisions of that article without the prior approval of a majority of the homeowners present and voting at a meeting at which a quorum is present. It is undisputed that no such meeting was held before the board elected to purchase the plaintiff's unit. Moreover, upon review of the provisions contained in the condominium declaration and the bylaws, we conclude that the board may not rely upon a power of attorney signed by the homeowners to circumvent this explicit provision in the bylaws. Paragraph 13 of the declaration and section 5 of article III of the bylaws clearly limit the authority granted under powers of attorney to situations which are not involved herein. Accordingly, we find

that the board acted outside its authority in electing to purchase the plaintiff's unit without first obtaining the approval of the homeowners *(see, Kirsch v Holiday Summer Homes,* 143 AD2d 811, 812; *Schoninger v Yardarm Beach Homeowners' Assn.,* 134 AD2d 1, 9).

In view of this determination, we need not reach the parties' remaining contentions. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.