■ Marco A. Longo, Jr., et al., Appellants, v Town 'N Harbor Owners Corp., Respondent.—In an action, *inter alia,* to recover damages for breach of a proprietary lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered April 20, 1990, as (1) granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action asserted in the complaint, and (2) denied that branch of their cross motion which was for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's motion which was for partial summary judgment dismissing the second cause of action, and by substituting therefor a provision denying that branch of the motion, and reinstating the second cause of action; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the second cause of action.

We agree with the Supreme Court that the plaintiffs' first cause of action, seeking damages for a determination by the board of a cooperative apartment house to place a trash dumpster in the vicinity of their apartment, is barred by the parties' proprietary lease. That lease expressly provides, *inter alia,* that the defendant is immune from liability, except by reason of its negligence, for interference with the view from the plaintiffs' apartment. Inasmuch as the placement of the offending dumpster at its present location and the refusal to remove it clearly constituted intentional rather than negligent conduct, the defendant is contractually insulated from liability therefor.

Additionally, the Supreme Court properly found that the first cause of action is also barred by the application of the business judgment rule to the facts of this case *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530). Inasmuch as the location of trash dumpsters is a matter within the board's authority and the plaintiffs have failed to allege or prove any bad faith, fraud, self-dealing, or other misconduct on the part of the board, judicial review of the

reasonableness of the board's action is foreclosed *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp., supra; Kirsch v Holiday Summer Homes,* 143 AD2d 811; *Schoninger v Yardarm Beach Homeowners' Assn.,* 134 AD2d 1).

However, we find that a triable issue of fact exists with respect to the second cause of action alleging a breach of the parties' parking space lease. While the cooperative board clearly possesses the authority to allocate additional parking spaces within the complex subject to the business judgment rule, it nevertheless was required to comply with the notice provisions set forth in the parties' parking space lease prior to terminating that lease. The plaintiffs contend that they were entitled to 30 days notice in this case, while the defendant argues that they were entitled only to the five days notice they received because they breached the amended parking policy in effect at the complex. However, since the record does not indicate the date upon which this amended policy went into effect or whether that policy constituted part of the parking space lease, we cannot determine whether the plaintiffs in fact breached their parking space lease and received the notice to which they were entitled. Accordingly, the second cause of action is reinstated and the matter is remitted to the Supreme Court, Nassau County, for further proceedings. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.