■ Dawn Bryan et al., Individually and as Shareholders of West 81 Street Owners Corp., and in the Right of the Corporation and on Behalf of All Other Shareholders Similarly Situated, Appellants-Respondents, v West 81 Street Owners Corp., Respondent-Appellant, and Kenneth Donnellon, Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about April 16, 1992, which granted in part a motion by defendants for dismissal of the complaint to the extent of dismissing plaintiffs' third cause of action, unanimously affirmed, without costs.

Defendants are a residential co-operative corporation and its president. The individual defendant is also a director. Plaintiffs are joint tenants, shareholders and former directors.

The IAS Court properly dismissed the third cause of action, a shareholder's derivative claim, for failure to comply with Business Corporation Law § 626 (c). Plaintiffs cannot plead a demand on the corporation or the futility of such a demand based on facts which occurred after the commencement of the action. The right to bring a shareholder's derivative action is "secondary and contingent", and arises only in the event that the directors do not comply with a demand that the claims be brought directly *(Myer v Myer,* 271 App Div 465, 473, *affd* 296 NY 979).

Without the improper pleading of post-commencement facts, plaintiffs do not satisfy the requirement of alleging that a demand would be futile because the individual defendant has "exclusive control" of the corporation *(see, Curreri v Verni,* 156 AD2d 420, 421), creating a conflict of interest that can be discerned from the pleadings *(see, SNR Holdings v Ataka Am.,* 54 AD2d 406, 409), which must be pleaded in sufficient detail that it does not merely "beg the question of actual futility and ignore the particularity requirement of the statute" *(Barr v Wackman,* 36 NY2d 371, 379).

Defendants cannot seek dismissal of the pleadings at this stage merely by invoking the "business judgment rule" as set forth in *Matter of Levandusky v One Fifth Ave. Apt. Corp.* (75 NY2d 530). The directors of the co-op owe a fiduciary duty to plaintiffs-shareholders, requiring the directors to act solely in the best interests of the shareholders *(Bernheim v 136 E. 64th St. Corp.,* 128 AD2d 434). It is not necessary to plead that the directors acted in self-interest; pleading unequal treatment of shareholders will suffice *(Aronson v Crane,* 145 AD2d 455). Whether or not the business judgment rule applies at bar is a question of fact *(see, Van Camp v Sherman,* 132 AD2d 453), involving the condition or state of the defendants' minds, which " 'can be proved or judged only through evidence' " *(Schwartz v Marien,* 37 NY2d 487, 493, quoting *Kavanaugh v Kavanaugh Knitting Co.,* 226 NY 185, 198).

We have considered the parties' remaining arguments, and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.