■ W.O.R.C. Realty Corporation et al., Respondents-Appellants, v Barry Carr et al., Appellants-Respondents. [616 NYS2d 977] —In an action, *inter alia,* for a judgment declaring that the plaintiffs are the owners of certain real property and that the defendants' membership in the West Oak Recreation Club, Inc., had been terminated, the defendants appeal from stated portions of an order of the Supreme Court, Suffolk County (Lama, J.), dated June 25, 1992, which, *inter alia,* denied their motion for a preliminary injunction and granted those branches of the plaintiffs' cross motion which were for partial summary judgment on their third cause of action and to

dismiss the defendants' third counterclaim, and the plaintiffs cross-appeal from so much of the same order as (1) denied those branches of their cross motion which were for summary judgment (a) declaring that the defendants' membership in the West Oak Recreation Club, Inc., had been terminated, (b) dismissing the defendants' first counterclaim, and (c) dismissing the defendants' first affirmative defense and (2) upon granting that branch of their cross motion which was to dismiss the defendants' second counterclaim, granted the defendants leave to amend that counterclaim.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the plaintiffs' cross motion for partial summary judgment is granted to the extent that (1) it is declared that the defendants' membership in the West Oak Recreation Club, Inc., has been terminated, and (2) the defendants' first and second counterclaims and the defendants' first affirmative defense are dismissed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The business judgment rule applies to the actions taken by the Board of Directors of the West Oak Recreation Club, Inc. (hereinafter West Oak) (see, Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530; see also, Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 9; Longo v Town 'N Harbor Owners Corp., 180 AD2d 779; Kirsch v Holiday Summer Homes, 143 AD2d 811). The defendants failed to produce evidence, other than wholly conclusory allegations, in support of their arguments that the plaintiffs had selectively enforced West Oak's building regulations. The plaintiffs have established their right to the relief sought in their fifth cause of action for a declaration that the defendants' membership in West Oak had been terminated and to a dismissal of the affirmative defense and counterclaims under review. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.