■ PAVAN JOHAR, Respondent-Appellant, v 82-04 LEFFERTS TENANTS CORP., Appellant-Respondent. [651 NYS2d 914] —In an action for a judgment declaring that the plaintiff is eligible to sit on the defendant's board of directors, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated December 7, 1995, which, *inter alia*, granted those branches of the plaintiff's motion which were to vacate the vote taken by the defendant's board of directors on July 10, 1995, to amend its by-laws and to enjoin the defendant from excluding the plaintiff as a potential nominee for election to its Board in a "non-sponsored" designated seat in the next election of the board, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied the branch of his motion which was for the imposition of sanctions or costs and attorney's fees pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We agree with the Supreme Court that the challenged amendment to the by-laws is not shielded by the "business judgment rule" (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530; *Smukler v 12 Lofts Realty*, 178 AD2d 125; *Boisson v 4 E. Hous. Corp.*, 129 AD2d 523).

The parties' other contentions are without merit. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.