HELEN SKOURAS, Respondent, v VICTORIA HALL CONDOMINIUM et al., Appellants. [902 NYS2d 111]—

In an action, inter alia, to recover damages for breach of fiduciary duty and conversion, the defendants appeal from an order of the Supreme Court, Queens County (J. Golia, J.), dated September 25, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff, Helen Skouras, owns a condominium unit in the defendant Victoria Hall Condominium (hereinafter the condominium) in Queens. The plaintiff commenced this action against the defendants seeking damages, inter alia, for breach of fiduciary duty and conversion. The gravamen of the plaintiff's complaint is that the board of managers of the condominium (hereinafter the board) breached its fiduciary duty in implementing a parking rule (hereinafter the parking rule) pursuant to which it revoked her parking privileges for failure to pay certain past-due special assessments that were allegedly imposed ultra vires. The plaintiff also alleged that the "booting" of her vehicle

by a towing company at the board's direction when she failed to remove her car from the condominium's parking lot after her parking privileges were revoked constituted a conversion of the vehicle.

Pursuant to the by-laws of the condominium, the board has broad authority, inter alia, to collect common charges and expenses from the unit owners and to adopt and amend rules and regulations governing the operation and use of the condominium's property. In reviewing the board's exercise of its rule-making authority, "absent claims of fraud, self-dealing, unconscionability or other misconduct, the court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the condominium" (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]; *see Levine v Greene*, 57 AD3d 627, 628 [2008]).

Here, the defendants met their prima facie burden of establishing that the board acted within the scope of its authority and in good faith in imposing and collecting the special assessments and in adopting the parking rule by submitting its by-laws, the minutes of its 2007 annual meeting, and the sworn affidavit of the defendant James Demetriou, the president of the defendant First Management Corporation, the condominium's management company (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]; *Levine v Greene*, 57 AD3d at 628). Further, the defendants also met their prima facie burden of establishing that the termination of the plaintiff's parking privileges based upon her delinquency in timely paying the past due assessments was done in good faith, and in furtherance of the condominium's legitimate interests (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d at 537-538; *Oakwood On The Sound, Inc. v David*, 63 AD3d 893, 894 [2009]; *Longo v Town 'N Harbor Owners Corp.*, 180 AD2d 779, 779-780 [1992]; *Kirsch v Holiday Summer Homes*, 143 AD2d 811, 812 [1988]) and, thus, were protected by the business judgment rule (*see Martino v Board of Mgrs. of Heron Pointe on Beach Condominium*, 6 AD3d 505, 506 [2004]; *Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508, 508-509 [1989]). Thus, since the adoption and enforcement of the parking rule was a matter within the board's authority, the "booting" of the plaintiff's vehicle also was within the board's authority and did not constitute a conversion (*see generally Walker v Windsor Ct. Homeowners Assn.*, 35 AD3d 725, 726-727 [2006]; *Martino v Board of Mgrs. of Heron Pointe on Beach Condominium*, 6 AD3d at 506).

In opposition, the plaintiff failed to raise a triable issue of fact regarding the legitimacy of the board's exercise of authority, or her claims of bad faith, fraud, self-dealing, unconscionability, or other misconduct which would trigger further judicial inquiry (*see Walden Woods Homeowners' Assn. v Friedman*, 36 AD3d 691, 692 [2007]; *Martino v Board of Mgrs. of Heron Pointe on Beach Condominium*, 6 AD3d at 506). The plaintiff also failed to raise a triable issue of fact as to her allegation that the board deliberately singled her out for harmful treatment or selective enforcement of its parking rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d at 540; *Captain's Walk Homeowners Assn. v Penney*, 17 AD3d 617, 618 [2005]; *W.O.R.C. Realty Corp. v Carr*, 207 AD2d 781, 782 [1994]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.