■ Vivian Kleinerman et al., Respondents, v 245 East 87 Tenants Corp. et al., Appellants. [963 NYS2d 187]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 27, 2012, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the causes of action for breach of fiduciary duty, aiding and abetting such breach, injunction as against defendants other than the cooperative corporation insofar as it is related to relocating plaintiffs' gas line, and unjust enrichment, and the claims for punitive damages and attorneys' fees, unanimously modified, on the law, to grant the motion with respect to the cause of action for breach of fiduciary duty as against the cooperative corporation and the injunction as against all defendants other than the cooperative corporation, and otherwise affirmed, without costs.

Plaintiffs, cooperative shareholders seeking to renovate their unit, allege that the cooperative corporation and its individual board members condoned the superintendent's solicitation of kickbacks by improperly stopping certain renovations in the face of plaintiffs' accusations against him. Issues of fact exist, including whether the board members had knowledge of the superintendent's alleged conduct, whether the coop corporation stopped plaintiffs' renovations in good faith based on the interests of the coop, and whether plaintiffs were accorded disparate treatment (*see Bryan v West 81 St. Owners Corp.*, 186 AD2d 514, 515 [1st Dept 1992]). As to the unjust enrichment cause of action, there is an issue of fact whether the superintendent solicited kickbacks or merely accepted gratuitous payments. The punitive damages claim is viable in light of the tort cause of action for breach of fiduciary duty; a public wrong is not required (*see Bishop v 59 W. 12th St. Condominium*, 66 AD3d 401 [1st Dept 2009]). Dismissal of the claim for attorneys' fee would be premature under the circumstances.

However, a corporation does not owe a fiduciary duty to its shareholders (*see Fletcher v Dakota, Inc.*, 99 AD3d 43, 54 [1st Dept 2012]; *Stalker v Stewart Tenants Corp.*, 93 AD3d 550, 552 [1st Dept 2012]). As to the injunction cause of action, only the coop corporation, as the "Lessor," is authorized under the proprietary lease to consent to plaintiffs' proposed renovations (*see Weinreb v 37 Apts. Corp.*, 97 AD3d 54, 57-58 [1st Dept 2012]).

We have considered defendants' other contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Abdus-Salaam, Román and Clark, JJ.