■ PAUL L. SCHWARTZ, Individually and as a Shareholder of FOREST PARK OWNERS CORP., Appellant, v FOREST PARK OWNERS CORP. et al., Respondents, et al., Defendants. [995 NYS2d 159]—

In an action to recover damages for, inter alia, breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated January 11, 2013, which granted the motion of the defendant Andrew H. Engel and the separate motion of the defendants Forest Park Owners Corp., Claudine Martin, Slowak (Slowamar) Glinski, Beth Limov, also known as Beth Leibman, Carmen Domenicci, John D. Belanich, Eric Belanich, Kim Di Quattro, James Harrington, Bell Realty, Inc., and the Argo Group Corp. for summary judgment dismissing the complaint insofar as asserted against each of them, and denied his cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, a tenant-shareholder in the defendant Forest Park Owner's Corp., a residential cooperative corporation (hereinafter the cooperative), and a former president of the cooperative's Board of Directors (hereinafter the Board), commenced this action to recover damages for, inter alia, breach of fiduciary duty. The plaintiff alleged that the defendants, including former and current members of the Board, breached their fiduciary duties in allowing the cooperative to commence a prior action against him to recover damages for breach of fiduciary duty. The defendant Andrew H. Engel and the defendants Forest Park Owners Corp., Claudine Martin, Slowak (Slowamar) Glinski, Beth Limov, also known as Beth Leibman, Carmen Domenicci, John D. Belanich, Eric Belanich, Kim Di Quattro, James Harrington, Bell Realty, Inc., and the Argo Group Corp. (hereinafter collectively the moving defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted the moving defendants' separate motions and denied the plaintiff's cross motion.

The moving defendants established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against each of them by establishing that the Board acted in good faith, within its authority, and for the benefit of the cooperative when it determined that the cooperative should sue the plaintiff (*see Skouras v Victoria Hall Condominium*, 73 AD3d 902, 903 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Therefore, the Supreme Court properly granted the moving defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the complaint. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.