Real World Holdings, LLC v Clark (2021 NY Slip Op 02118)





Real World Holdings, LLC v Clark


2021 NY Slip Op 02118


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 655499/18 Appeal No. 13527 Case No. 2020-02846 

[*1]Real World Holdings, LLC, etc., Plaintiff-Respondent,
v
Timothy M. Clark et al., Defendants-Appellants.


Boyd Richards Parker & Colonnelli, P.L., New York (Jacqueline L. Aiello of counsel), for appellants.
Lane Crowell LLP, White Plains (J. Mark Lane of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about December 13, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the amended complaint's seventh, eighth, and eleventh through fourteenth causes of action, unanimously affirmed, with costs.
Plaintiff's seventh, eighth, eleventh and twelfth causes of action contain sufficient factual allegations of board conduct indicating potential fiduciary breaches to sustain such causes of action (see Bryan v West 81 St. Owners Corp., 186 AD2d 514 [1st Dept 1992]). Specifically, they alleged that the cooperative board members engaged in discriminatory treatment between residential and commercial units as to the collection of required sublet fees, for alleged self-dealing purposes of gaining the favor of the commercial units and their greater voting-block power, all contributing to an alleged loss of cooperative's fee income (alleged waste). They also alleged that the board improperly transferred common space to a board member's unit, seemingly in exchange for the board member's shareholder rights to other certain space. Defendants' documentary evidence submitted in support of their motion, including some commercial unit ledgers that evidenced certain sublet fees paid in certain years by commercial unit owners, and a transfer agreement between the cooperative and an entity owned by a board member, which memorialized a purported equal exchange of space owned by the cooperative and the board member's entity, did not utterly refute the allegations to which they pertained.
The thirteenth and fourteenth causes of action were sufficiently pled (see Duane Reade v Reva Holding Corp., 30 AD3d 229 [1st Dept 200]). Specifically, they alleged damages, punitive damages, and injunctive relief attributable to a claimed release of asbestos fibers during roof work undertaken by the cooperative's hired contractors, which allegedly infiltrated the building and plaintiff's unit and diminished the value of the building.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021