| Courtney v Board of Mgrs. of the Chadwin House Condominium |
|:---:|
| 2024 NY Slip Op 31133(U) |
| April 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151677/2017 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: HON. LYNN R. KOTLER, J.S.C.

PART 8

TODD COURTNEY

INDEX NO. 151677/2017

MOT. DATE

- v -

MOT. SEQ. NO. 014 and 015

THE BOARD OF MANAGERS OF THE CHADWIN HOUSE
CONDOMINIUM et al

The following papers were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits | ECFS DOC No(s)._____ |
| Notice of Cross-Motion/Answering Affidavits — Exhibits | ECFS DOC No(s)._____ |
| Replying Affidavits | ECFS DOC No(s)._____ |

There are two motions pending in this post-note of issue action which are hereby consolidated for the court's consideration and disposition in this single decision/order. Both motions have been filed by plaintiff. In motion sequence 14, plaintiff moves pursuant to CPLR §§ 3122, 3124 and 3126, for an order compelling defendant The Board of Managers of the Chadwin House Condominium Garage (the "Garage Board") to comply with a Subpoena Ad Testificandum and Duces Tecum dated August 29, 2023 (the "Subpoena") or, alternatively, so-ordering the Subpoena and compelling compliance therewith in advance of the then-upcoming inquest scheduled before Justice Adam Silvera on January 11, 2024.

Defendants The Board of Managers of the Chadwin House Condominium (the "Condominium"), The Chadwin Driveway Association, Inc. ("CDA Inc."), Mark Greenberg Real Estate Co. Inc. ("MGRE Inc."), Mark Greenberg Real Estate Co. LLC, ("MGRE LLC"), James Goldstick and Infinity Corporation ("Infinity") oppose the motion, arguing that "plaintiff and his counsel for the last thirty-three (33) months, have utilized New York State's judicial resources to pursue a claim against that non-existent entity."

In motion sequence 15, plaintiff moves pursuant to CPLR § 3025[b] and [c] for leave to amend the caption of the complaint to "correct" the name of the Garage Board to "The Board of Directors of the Chadwin Driveway Association". Plaintiff further seeks an order adjourning the inquest presently scheduled for February 29, 2024 and an award of costs and fees "associated with this motion and all prior efforts to obtain the proper name of the defendant/Board from defendant's counsel which information should have been provided previously." Defendants the Condominium, CDA Inc., MGRE, Goldstick and Infinity (collectively the "Condominium Defendants") oppose that motion as well and cross-move for costs and fees for frivolous conduct pursuant to Part 130, CPLR §§ 8106, 8202 and 8303-a[a]. Plaintiff opposes the cross-motion.

Since this motion sequence is outcome determinative, the court will consider it first in the interest of judicial economy. For the reasons that follow, the motion is denied. Previously, in a decision/order dated

Dated: 4/5/24

HON. LYNN R. KOTLER, J.S.C.

| | | |
|---|---|---|
| **1. Check one:** | ☐ **CASE DISPOSED** | ☒ **NON-FINAL DISPOSITION** |
| **2. Check as appropriate: Motion is** | ☐GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER | |
| **3. Check if appropriate:** | ☐SETTLE ORDER ☐ SUBMIT ORDER ☐ DO NOT POST | |
| | ☐FIDUCIARY APPOINTMENT ☐ REFERENCE | |

Page 1 of 4

May 12, 2021, the court granted defendants motion and cross-motion to dismiss and for summary judgment and dismissed plaintiff's complaint as to the Condominium, CDA Inc., MGRE Inc., MGRE LLC, Goldstick and Infinity. Specifically, the court stated:

> At the outset, suspension of parking privileges and the booting of a vehicle is within a board's authority so long as these acts are "done in good faith, and in furtherance of the condominium's legitimate interests" (*Skouras v Victoria Hall Condominium*, 73 AD3d 902 [2d Dept 2010]). There is no dispute that plaintiff was delinquent in his payments. Therefore, defendants properly excluded plaintiff from use of his parking space, booted his car, and removed his personal property. In any event, since the vehicle was booted more than three years before this action was commenced (February 21, 2017), plaintiff's claims as to the vehicle are time-barred.

> …

> Not only is there no dispute that it was plaintiff who breached the Chadwin Driving Association bylaws, but plaintiff does not even state a prima facie cause of action for breach of contract because he admits in his complaint that he stopped paying the common charges associated with his parking space in the garage.

The remaining causes of action against the Condominium Defendants were dismissed as duplicative or for failure to state a cause of action. The only defendant remaining in this action is styled by plaintiff's counsel as The Board of Managers of the Chadwin House Condominium Garage (already defined herein as the "Garage Board" but restated for clarity).

The Condominium Defendants' then-counsel, Belkin Burden Wenig and Goldman, LLP, answered the complaint via a Verified Answer dated April 19, 2017, which plaintiff's counsel claims was asserted on behalf of the Garage Board. However, page 1 of the Verified Answer, which lists The Board of Managers of the Chadwin House Condominium Garage, contains a footnote appended to this entity's name, stating:

> Defendants are unaware of the existence of the Board of Managers of the Chadwin House Condominium Garage. Nevertheless, out of an abundance of caution to avoid any potential argument that said purported entity defaulted by not answer the Complaint, it is included herein. By joining in this Answer, Defendants do not waive any rights to assert that one or more named parties are not properly named in this action, all such rights are expressly reserved.

Plaintiff's counsel points to the Condominium Defendants Supplemental Bill of Particulars filed by then-counsel Abrams Garfinkel Margolis Bergson, LLP which contains the same footnote in connection with the Garage Board. Plaintiff's counsel further highlights a substitution of counsel filed by Gartner & Bloom, P.C. in place of Abrams Garfinkel Margolis Berson, LLP for all defendants except the Garage Board and defendant Sam Koubti. Thus, plaintiff's counsel claims that Abrams Garfinkel Margolis Berson, LLP remains counsel of record for the Garage Board.

After the court dismissed plaintiff's complaint in 2021, plaintiff moved to restore this action as to the Garage Board. That motion was granted in an order dated December 9, 2022, which stated in pertinent part that "to the extent that the Garage Board appeared in this action by Answer dated April 19, 2017, that Answer as to the Garage Board is stricken." The court further held that the Garage Board is in default and directed that all issues regarding liability and plaintiff's damages against the Garage Board be determined at inquest.

Plaintiff's counsel now claims that he has learned, on or about January 26, 2024, that CDA Inc. has a Board, and its correct name is The Board of Directors of the Chadwin Driveway Association. Plaintiff

[* 2]

therefore seeks to file a proposed amended verified complaint, which is annexed to the motion as Exhibit "Q", correcting the name of the Garage Board.

In opposition to the motion, counsel for the Condominium Defendants asserts that there is no entity known as The Board of Managers of the Chadwin House Condominium Garage in the ACRIS database, that none of the discovery exchanged between the parties mentions such an entity and that "[p]laintiff and his counsel are well aware of the fact that the remaining named entity does not exist." The Condominium Defendants argue that they should be awarded sanction, costs and attorneys fees against plaintiff because plaintiff has always known what the name of the entity is that runs the garage in the condominium building and "[n]ow on the eve of inquest against an illusory entity, Plaintiff frivolously attempts to re-litigate its original claims against the Chadwin Driveway Association, Inc. by adding "Board of Directors" to its name." The court agrees with the Condominium Defendants that such conduct is frivolous within the meaning of the court rules.

The court may award to any party or attorney in any civil action or proceeding the costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct as under 22 NYCRR 130-1.1. Frivolous conduct is defined as conduct which: [1] is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) asserts material factual statements that are false.

Here, the record reveals that plaintiff's counsel has known for years that there was no entity known as The Board of Managers of the Chadwin House Condominium Garage. This issue was highlighted at numerous conferences with the court over the years and is documented in the pleadings, emails and transcripts of court appearances. Approximately seven years after this action was commenced, plaintiff now seeks leave to amend his pleadings to correct the name of the Garage Board, long after his complaint was dismissed as to every other defendant in this case and after plaintiff brought a motion to restore his claim against this non-existent entity.

Even if these facts did not exist, plaintiff's claims against the proposed defendant are wholly without merit. It is *res judicata* and law of the case that plaintiff's claims against the Condominium Defendants are infirm. When the court noted the Garage Board's default in appearing, it reserved for inquest the issues of liability and damages. Plaintiff's counsel even manages to mischaracterize this court's December 9, 2022, which stated specifically and very carefully "to the extent that the Garage Board appeared in this action by Answer dated April 19, 2017". The writing has been on the wall for years that the Garage Board did not exist and the footnotes including in filings by the Condominium Defendants' counsel containing a reservation of rights to assert that the defendants were named incorrectly clearly indicated from inception that even if plaintiff obtained a judgment against the Garage Board, it would likely not be worth the paper it was printed on.

Yet plaintiff persisted, and as defense counsel noted, plaintiff has burdened this court with numerous motions and court filings, issued subpoenas and wasted judicial resources with an inquest that has needed to be rescheduled multiple times due to plaintiff's inability to admit that he sued a nonexistent entity.

On this record, the time to amend the caption to correct the name of the so-called Garage Board has passed. In light of the frivolous arguments advanced by plaintiff and his counsel on this motion and the waste of taxpayer-funded judicial resources, sanctions must be paid by both. As well, the Condominium Defendants have incurred needless expenses submitting opposition and cross-moving with respect to plaintiff's frivolous motion, which warrants and award of costs and reasonable attorneys fees against plaintiff.

The court hereby sanctions plaintiff and his counsel $1000 each. In addition, plaintiff shall reimburse the Condominium Defendants for their costs and reasonable attorneys fees incurred in connec-

[* 3]

tion with submitting opposition and the cross-motion on motion sequence 15. The issue of what reasonable attorneys fees the Condominium Defendants have incurred in connection with submitting opposition and the cross-motion on motion sequence 15 is hereby referred to a Special Referee or JHO to hear and **report**.

Finally, the court deems plaintiff's motion as a concession that he cannot proceed to inquest against a nonexistent entity. Therefore, the complaint against the Garage Board is severed and dismissed and the Clerk is directed to mark this action disposed. In light of this result, motion sequence 14 is denied as moot.

## CONCLUSION

In accordance herewith, it is hereby:

**ORDERED** that plaintiff's motion to amend (motion sequence 15) is denied; and it is further

**ORDERED** that the Condominium Defendants cross-motion for sanctions, costs and reasonable attorneys fees is granted; and it is further

**ORDERED** that plaintiff and his counsel are each sanctioned $1000 for frivolous conduct. In addition, plaintiff shall reimburse the Condominium Defendants for their costs and reasonable attorneys fees incurred in connection with submitting opposition and the cross-motion on motion sequence 15; and it is further

**ORDERED** that the issue of the what reasonable attorneys fees the Condominium Defendants have incurred in connection with submitting opposition and the cross-motion on motion sequence 15 is hereby referred to a Special Referee or JHO to hear and **report**; and it is further

**ORDERED** that defendants shall, within 60 days from entry of this decision/order, serve a copy of this order with notice of entry, together with a complete Information Sheet[1], upon the Special Referee Clerk in the Motion Support Office (Room 119M), who is directed to place this matter on the calendar of the Special Referee's Part and/or assign this matter to a JHO for the earliest convenient date; and it is further

**ORDERED** that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and section 202.44 of the Uniform Rules for the Trial Courts.

**ORDERED** that the complaint against the Garage Board is severed and dismissed and the Clerk is directed to mark this action disposed; and it is further

**ORDERED** that motion sequence 14 is denied as moot.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the decision and order of the court.

Dated: 4/3/24
New York, New York

So Ordered:

Hon. Lynn R. Kotler, J.S.C.

---

[1] Copies are available in Room 119M at 60 Centre Street and on the Court's website at www.nycourts.gov/supctmanh (under the "References" section of the "Courthouse Procedures link).

[* 4]