■ LOUIS AND ANNE ABRONS FOUNDATION, INC., Respondent-Appellant, v 29 EAST 64TH STREET CORPORATION, Appellant-Respondent, et al., Defendants. —

Judgment, Supreme Court, New York County, entered February 20, 1980, which *inter alia,* declared that the foundation was entitled to renewal leases, modified, on the law, by (i) reinstating the counterclaims and in accordance therewith directing the foundation and the subtenants to cure the breaches within 90 days after service of a copy of the order to be settled hereon with notice of entry, (ii) by declaring that the renewal leases should contain the same terms for subletting as are found in paragraph eleventh of article I of the original leases, (iii) by declaring void so much of house rule 31 as permits the board of directors to dictate what items may be displayed in the windows of the subtenants' stores, (iv) by declaring that the foundation must pay its proportionate share of the expenses incurred by the co-operative in defending this action, and (v) by vacating the award of costs and disbursements to the foundation, and as modified, affirmed, without costs. The installations of the signs, gates, canopies and other attachments by defendant subtenants without the approval of defendant co-operative were clearly in contravention of house rules 10 and 13. *(Madison 52nd Corp. v Ogust,* 49 Misc 2d 663, 667, affd 52 Misc 2d 935.) We agree with Trial Term that those installations were inconsequential breaches that do not warrant the forfeiture of the respective leases and subleases. Nonetheless, plaintiff foundation and the subtenants have contractually obligated themselves to abide by house rules 10 and 13. We shall not substitute our opinion for that of the board of directors in this highly subjective area. These breaches, although insubstantial, should be corrected by plaintiff foundation and the subtenants within 90 days after service of a copy of the order to be settled hereon with notice of entry. We grant this affirmative relief to the co-operative upon its reinstated counterclaim. In the judgment, it was declared that the foundation was entitled to a renewal of its proprietary leases on specific terms that need not be enumerated herein. The co-operative alleges that it intends to give the foundation renewal leases in the same form as the leases given to the residential tenants in accordance with section 1 of article V of the by-laws. Hence, there is no actual dispute with regard to that portion of the judgment. However, we would go further and require that the renewal leases contain the same terms for subletting as are found in paragraph eleventh of article I of the original leases. Paragraph fourth of article II of the original leases permits the co-operative's board of directors to establish reasonable house rules. We find house rule 31 to be unreasonable and void to the extent it permits the board of directors to dictate what items may be displayed in the windows of the subtenants' stores. We otherwise find that house rule 31 is valid since it merely reiterates the powers given to the board of directors under original house rules 10 and 13. In the judgment, the trial court decreed that the foundation need not pay its proportionate share of the expenses incurred by the co-operative in defending this action. In the original leases, the foundation agreed to pay its porportionate share of the co-operative's expenses, including legal fees. We find no reason for disturbing the parties' agreement in this matter. The foundation will pay its proportionate share of the expenses incurred by the co-operative in defending this proceeding. Since each side has prevailed on certain issues, we do not award costs and disbursements at either the trial or appeal level. With regard to the partial dissent, we note that Trial Term never made a finding in its decision that the co-operative had acted in bad faith. In fact, Trial Term stated at the posttrial hearing "that there were no findings made by the Court of maliciousness, bad faith or harassment on the part of the defendant in connection with the institution of their proceedings, that the plaintiff as a stockholder of the cooperative will be obligated just as any other stockholder to bear its proportionate share of the legal cost of the institution of the proceedings." Any provision in the judgment that is otherwise inconsistent wth this

memorandum is vacated. Concur — Murphy, P. J., Ross, Yesawich and Carro, JJ.

Kupferman, J., concurs in part and dissents in part in a memorandum as follows: Inasmuch as the foundation could have been subject to a forfeiture, it by necessity had to bring this action. (See *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630, mot for rearg den 22 NY2d 827.) Accordingly, to require that it share in the payment of the co-operative's legal fees is supererogatory, and I cannot concur in such a result. While the conclusion that the court should not substitute its "opinion for that of the Board of Directors in this highly subjective area" of determining what to do about "signs, gates, canopies and other attachments", is justifiable, in this matter we have evidence that the co-operative was not necessarily proceeding in good faith as to which store adornments were satisfactory, but was rather using this as pressure for additional income. An examination of the photographs shows that the signs, etc., seem to be of a type which blends with others in the area on Madison Avenue. Further, the entrance for the building is on 64th Street and not in proximity with the Madison Avenue signs. Under the circumstances, I would not interfere with the determination of Trial Term on that score. Settle order.