■ CAROLE M. DEMAS et al., Appellants, v 325 WEST END AVENUE CORP., Respondent.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered January 7, 1986, and judgment entered thereon on January 14, 1986, which granted defendant's motion to dismiss the complaint, reversed, on the law, the judgment is vacated, and defendant's motion to dismiss is denied, without costs.

Plaintiff Demas is the owner of 550 shares allocated to a penthouse apartment PHW in the cooperative apartment building located at 325 West End Avenue, and the tenant under the appertaining proprietary lease. Her coplaintiff husband, Allyn, resides in the apartment with her. Defendant is the cooperative corporation · which owns and manages the building through its board of directors (Board). At the core of this action is plaintiffs' contention that the Board has arbitrarily and illegally frustrated their plans for expansion and renovation of their rooftop apartment causing them significant monetary damage.

In February 1985, plaintiffs commenced this action setting forth six causes of action: (1) breach of a contractual commit-

ment alleged to have arisen by reason of a resolution passed by the Board on February 16, 1984, granting plaintiffs the right to build a 400-foot addition to their apartment subject to certain stated conditions as to which there was no objection; (2) breach by defendant of the proprietary lease; (3) misrepresentations by defendant in 1972 to plaintiff Demas' predecessor in title, her parents, who thereafter conveyed the apartment to her by way of gift; (4) fraudulent misrepresentations in January 1983, by defendant, to plaintiff Demas herself; (5) breach by defendant of its duty to plaintiffs to act reasonably and in good faith; and (6) a claim sounding in estoppel.

In April 1985, defendant moved to dismiss the complaint under CPLR 3211 (a) (1), (3), (5) and (7) and under CPLR 3013 and 3016. The main thrust of this motion, certainly with respect to the first two contractual causes of action and in part with respect to the fifth cause of action based on lack of good faith and fair dealing, was a documentary defense (CPLR 3211 [a] [1]). In order for such a defense to succeed, the proffered documentation must definitively dispose of the claim. This is far from the situation presented by this record.

The first cause of action is based on the Board resolution of February 16, 1984, which reads in its entirety as follows:

"BE IT RESOLVED that the plans of Carol Demas as submitted to the Board providing for an addition to her Penthouse are hereby approved by the Board on the following conditions:

"1) the skylight is not be a bubble but is to be flat;

"2) the permission of the Building Department is based upon use of approximately 400 sq. ft. of the usable 1200 sq. foot area with any additional square footage provided by a variance obtained at her own cost; and

"3) the Board is setting the assessment for the additional use of services and the increase in real estate taxes caused by the addition and the Demas agreement thereto."

This resolution was, on its face, a binding commitment upon which plaintiffs were entitled to rely (*Matter of Municipal Consultants & Publishers v Town of Ramapo*, 47 NY2d 144). It is argued by defendant, however, that this approval was entirely subject to an unstated condition that had been previously imposed by the Board action on January 27, 1983, advising Demas that any structural addition to her apartment would be "conditional upon the explicit assent of the resident owners of PHA and PHB (i.e. the Adamses and the Balkinds)." Since these two other penthouse roof tenants strenuously objected to the Demas plans, defendant argued, in the affidavit

of its president, that the Board was entitled, free of any liability as a matter of law, to rescind its approval, which it did at a meeting held on September 20, 1984. Special Term's adoption of this view was erroneous.

The 1984 Board resolution was complete and unambiguous on its face. The parol evidence rule provides that unless conditions are expressed in the agreement itself (and here three noncontroversial ones were expressly stated), parol evidence may not be employed to engraft another *(Woodmere Academy v Steinberg,* 41 NY2d 746). No prior oral or written understanding is competent to contradict, vary, add to, or subtract from the terms of the later writing (Richardson, Evidence § 601 [Prince 10th ed]; *Thomas v Scutt,* 127 NY 133). Furthermore, the parol evidence relied upon by defendant, consisting of voluminous correspondence and conversations between the three penthouse tenants, *inter sese,* and the Board, was itself in bitter conflict, and was therefore a wholly inappropriate basis for summary dismissal on the face of the complaint.

Special Term also erred in dismissing the fifth cause of action (breach by the Board of its duties of good faith and reasonableness) citing *Auerbach v Bennett* (47 NY2d 619) and the second cause of action based on the proprietary lease, paragraph 21 of which provides that the consent of the Board to alterations "shall not be unreasonably withheld." A cooperative Board owes a fiduciary duty to all its shareholders *(Vernon Manor Co-op. Apts. v Salatino,* 15 Misc 2d 491, 495) and the issue of whether this Board appropriately discharged that duty to these plaintiffs, or acted unreasonably, is by its very nature one of fact *(Vinnik v 795 Fifth Ave. Corp.,* 94 AD2d 685, *affd* 62 NY2d 698; *Reisler v 60 Gramercy Park N. Corp.,* 88 AD2d 312). There are allegations in this complaint which, if established at trial, could demonstrate that defendant acted in bad faith with respect to plaintiffs. For example, the complaint alleges that three months after the 1984 resolution the Board unilaterally imposed an additional condition of a $120,000 charge to these tenants upon any transfer of the apartment. It is also alleged that the Board permitted the Balkind tenants to proceed with a substantial alteration without any impediment or condition by the Board, and, in stark contrast to what was imposed upon Demas, with neither Building Department approval nor the consent of plaintiffs.

As to the third cause of action for fraud, we find that it has been alleged with sufficient specificity under CPLR 3013 and 3016. This cause of action serves to furnish defendant with

sufficient detail to require a responsive answer *(Ackerman v Vertical Club Corp.,* 94 AD2d 665, 666).

Having erroneously dismissed the first, third and fifth causes of action, Special Term dismissed the balance of the complaint (second, fourth and sixth causes of action) with the following dispositive sentence: "The failure of one cause of action, and several are fairly duplicative, dooms the entire complaint." This was error *(Nader v General Motors Corp.,* 25 NY2d 560, 571). With respect to the second cause of action on the proprietary lease, in addition to the factual issue mentioned *supra,* the lease contains a provision that the tenant "shall have and enjoy the exclusive use of * * * that portion of the roof appurtenant to the penthouse." This together with paragraph 21 states a claim for relief. Likewise, the fourth cause of action for fraud based on misrepresentations to plaintiff in 1983 is pleaded with sufficient particularity, and the sixth cause of action based on estoppel is also viable. With respect to the latter, there are allegations of detrimental change of position in reliance on the February 1984 Board resolution sufficient to sustain this theory *(Frymer v Bell,* 99 AD2d 91; *Crossman v Pease & Elliman,* 29 AD2d 4, *affd* 26 NY2d 855).

Finally, it was error for Special Term to dismiss the entire entitlement of Allyn to recover on the complaint on the ground that, since he was neither a shareholder of record nor a party to the proprietary lease, he lacked all standing in his own right to maintain the action. In *Sanders v Winship* (57 NY2d 391), the Court of Appeals held that the spouse of a cooperative shareholder can be a cooperative tenant for some purposes so as to impose liability under the Civil Rights Law. Insofar as the proprietary lease is concerned, Allyn's status is recognized by paragraph 14 which provides that, in addition to Demas as the named lessee, the right to live in the subject apartment is granted to her spouse. While this may not bar a subsequent dismissal of Allyn as a party to some causes of action, where he was not directly affected (for example) by the alleged fraudulent representations, he clearly has standing with respect to others. Outright dismissal of him as a proper party plaintiff was therefore unwarranted. Concur—Sullivan, J. P., Carro, Asch and Wallach, JJ.