OPINION OF THE COURT
John S. Lockman, J.
Motion by defendants 220-55 46th Avenue Owners, Inc., Irwin Wolf, Myron Liebrader and Josephine Levy to dismiss plaintiffs’ complaint for failure to state a cause of action is *745 denied. Cross motion by plaintiffs to strike said defendants’ answer is denied.
Plaintiffs, tenant shareholders in a cooperative corporation, entered into a contract of sale with defendants Gary and Andrea Crane, cooperators in the same building, subject to approval of the sale by the individual defendant members of the board of directors of the defendant corporation.
Plaintiffs allege that the board and the Cranes conspired to permit the Cranes to breach the contract of sale without subjecting themselves to damages or a lawsuit. Plaintiffs allege that the board, after approving the Cranes for the sal£, coached them on how to make themselves unacceptable to the board as prospective purchasers.
The moving defendants claim that absent unlawful discrimination, the board had the power to approve or disapprove prospective purchasers for any reason or no reason at all. Thus, they argue, plaintiffs fail to state a cause , of action against them. (See, Rossi v Simms, 119 AD2d 137; Civil Rights Law § 19-a.)
Defendants are quite correct regarding the approval powers of a board of directors. However, another factor, which does not operate in the ordinary sale of shares and proprietary lease, militates against dismissal at this stage of the pleadings. Here the parties to the contract of sale were each shareholders in the cooperative corporation. The " 'fiduciary or trust relation which directors and officers sustain to stockholders * * * imposes upon directors and officers as fiduciaries the duty not to use their position for their own personal advantage or for that of * * * confederates or to the detriment of stockholders * * * there is * * * a fiduciary principle which protects the stockholders.’ ” (Schwartz v Marien, 37 NY2d 487, 492.) Where there is a prima facie case of "unequal stockholder treatment” the directors have the burden of proving a "bona fide business purpose”. (Supra, at 492; Goldberg v Goldberg, 131 AD2d 543.) Thus, plaintiffs have stated a cause of action for breach of fiduciary duty and "bad faith” dealing. (See also, Goldstone v Constable, 84 AD2d 519; Van Camp v Sherman, 132 AD2d 453, 454; see generally, Jamil v South-ridge Coop., Section 4, 93 Misc 2d 383, 385 [bad faith or breach of trust on the part of directors renders judgment exercised by them subject to review in the courts].)
The cross motion to dismiss defendants’ answer for failure to go forward with examinations before trial is denied, *746 as any disclosure is automatically stayed while a summary judgment or dismissal motion is pending (CPLR 3214 [b]). Furthermore, the sanction is too drastic under the circumstances of this case.