■ RAYMOND L. ARONSON et al., Respondents, v CARY CRANE et al., Defendants, and 220-55 46TH AVENUE OWNERS, INC., et al., Appellants.—In an action to recover damages, *inter alia,* for breach of fiduciary duty, the appeal is from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered May 10, 1988, as denied the motion of the appellants, a cooperative corporation and members of its board of directors, to dismiss the complaint as against them for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendants Cary and Andrea Crane are owners of shares of stock in the defendant cooperative

corporation apartment building and tenants under proprietary leases. On May 31, 1986, the plaintiffs entered into a contract with the Cranes, whereby the Cranes agreed to purchase the plaintiffs' apartment for $190,000, subject to the Cranes obtaining a mortgage commitment in an amount not less than $50,000 and contingent upon their securing the admissions committee's approval of the transaction. The defendants Irwin Wolf, Myron Liebrader and Josephine Levy are members of the board of directors and the admissions committee. The admissions committee initially approved the Cranes' application for approval subject to their obtaining mortgage financing and selling their own apartment. Thereafter, the committee rejected their application.

The plaintiffs' complaint alleges that the Cranes, in an effort to relieve themselves of their contractual obligations, willfully breached the agreement by pursuing a course of conduct designed to engineer a default and that the other defendants assisted and induced the Cranes' breach of their contractual obligation with the plaintiffs by counselling and advising them to increase the amount of the mortgage financing they sought so that they would be financially unable to maintain two apartments and thereby make themselves unacceptable to the admissions committee.

Contrary to the defendants' contention, in an action for breach of fiduciary duty it is not essential that the complaining shareholder allege that the defendant members of the board of directors were acting in pursuit of self-interest. Rather, as the court properly found, a prima facie case of unequal stockholder treatment is made out where there is a departure from precisely uniform treatment of the stockholders and a resulting violation of their fiduciary obligation to treat stockholders fairly and evenly *(see, Schwartz v Marien,* 37 NY2d 487, 492; *Demas v 325 W. End Ave. Corp.,* 127 AD2d 476, 478; *Vernon Manor Co-op. Apts. v Salatino,* 15 Misc 2d 491, 495). This duty dictates that all corporate responsibilities be "discharged in good faith and with 'conscientious fairness, morality and honesty in purpose' " *(Alpert v 28 Williams St. Corp.,* 63 NY2d 557, 569, *rearg denied* 64 NY2d 1041, quoting from *Kavanaugh v Kavanaugh Knitting Co.,* 226 NY 185, 193). We find that the pleaded acts of misconduct, if proven at trial, would establish a claim for breach of fiduciary duty. Moreover, while the board is empowered with contractual and inherent authority to approve or disapprove the transfer of shares absent discriminatory practices prohibited by law *(see, Weisner v 791 Park Ave. Corp.,* 6 NY2d 426, 434; *Bernheim v*

*136 E. 64th St. Corp.,* 128 AD2d 434), there are sufficient facts alleged which could support a finding that the denial of the Cranes' application was not in furtherance of a justifiable and bona fide business purpose *(see, Schwartz v Marien, supra).* Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur. *[See,* 139 Misc 2d 744.]