■ H. HERSHEL KATZ, Appellant, v 215 WEST 91ST STREET CORP. et al., Respondents. [626 NYS2d 796] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 17, 1994, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs or disbursements.

Plaintiff, the holder of a proprietary lease and the owner of the cooperative shares allocated to a penthouse apartment at 215 West 91st Street, seeks declaratory and injunctive as well as related relief against the cooperative corporation and the building's managing agent to prevent them from enforcing certain guidelines promulgated for the installation and maintenance of terrace roof plantings. He asserts four causes of action. In the first he alleges that the promulgation of the guidelines was ultra vires; in the second he alleges waiver of any guideline restriction by virtue of defendants' allowing him, without objection over a ten-year period, to maintain terrace planters; in his third cause of action he seeks to enjoin defendants from entering onto his terrace to remove his planters; and in the fourth he seeks consequential damages and attorney fees pursuant to Real Property Law § 234. Ac-

cording to defendants, and it is not seriously challenged, plaintiff maintains plants and planters on his roof terrace weighing thousands of pounds. The roof has had to be extensively repaired and restored during the past decade. In fact, it had to be replaced twice, once in 1982 and again in 1986. The cooperative has expended over $200,000 in the repair of the roof.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 and 3212, relying on lease provisions as well as house rules and policies which expressly bar the placing of plants on the terraces or roof of the building without the prior written approval of the cooperative's board. The lease is subject to the house rules which the "[d]irectors may alter, amend or repeal" and which, when furnished to the tenant, become a part of the lease. Plaintiff's plants were removed in 1986 to allow for required roofing work and plaintiff advised by letter of December 3, 1986 that, on the advice of the cooperative's engineer, planters would no longer be permitted on the roof. The cooperative board had voted on October 6, 1986 to refuse to allow planters on the roof and plaintiff was so advised. Plaintiff was also reminded of the cooperative's right under the lease to regulate the use of the roof and prohibit plantings thereon. Notwithstanding, plaintiff restored his plants to the roof.

In opposition to defendants' motion and in support of his cross-motion for partial summary judgment, plaintiff, *inter alia,* cited his engineer's conclusion that the cooperative's objections to his planters have no reasonable relationship to the actual condition of the building or to the cooperative's goal of prescribing a maximum weight per square foot. On the other hand, defendants' expert concluded that plaintiff's plantings exceeded safe weight loads by 300%. The IAS Court dismissed the complaint. We affirm.

Initially, we note that the cooperative, under the terms of the lease and house rules, has an absolute right to restrict the placement of planters on the roof of its buildings as well as control over the determination whether to permit planters on the roof. Plaintiff has never sought or obtained the cooperative's consent to maintain the planters and trees he has placed on the roof. Moreover, as both the lease and house rules expressly grant the cooperative the unfettered right to approve or disapprove the placement of planters or other objects on the roof, its prohibition against planters is not, as plaintiff contends, ultra vires, but rather a corporate decision made for the benefit of the shareholders. Absent proof of a

breach of fiduciary duty to the cooperative corporation, and none is shown here, the reasonableness of its board of directors' decisions for the benefit of its shareholders may not be questioned. *(Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530.)* Plaintiff's assertions of personal animus towards him because of his earlier actions as a board member and his wife's commencement of a lawsuit against the cooperative are insufficient to demonstrate a breach of the board's duty of loyalty to the cooperative; nor is he able to demonstrate that the board's "no planter" policy lacked a legitimate relationship to the welfare of the cooperative. *(See, supra,* at 540.)

Equally unavailing are plaintiff's claims of waiver. Under the lease terms, no waiver of any of its provisions "shall be deemed to have been made unless in a writing expressly approved by the Directors." Such a clause is fully enforceable. *(Luna Park Hous. Corp. v Besser,* 38 AD2d 713.) While the board from time to time referred to specifications with respect to planters, which, if met, would permit the maintenance of roof planters, it is clear that plaintiff never met those requirements and that he never sought the cooperative's approval of his use of his roof terrace with respect to his placement of thousands of pounds of plants and dirt on the roof. Concur— Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.