■ RONALD J. SMOLINSKY et al., Appellants, v 46 RAMPASTURE OWNERS, INC., Respondent. [646 NYS2d 110] —Order, Supreme Court, New York County (Irad S. Ingraham, J.), entered February 21, 1996, which, in an action against a cooperative housing corporation for withholding consent to an assignment of plaintiffs' shares and proprietary lease, granted defendant's motion for judgment notwithstanding the verdict and entered judgment for defendant, unanimously reversed, on the law and the facts, without costs, the jury verdict reinstated, and the matter remanded for trial on the issue of damages.

Plaintiffs are the owners of shares and holders of a proprietary lease relating to one unit within a 12-unit property

owned by defendant cooperative housing corporation. Defendant's board of directors ("Board") is composed of one shareholder from each unit. Pursuant to the terms of the proprietary lease here at issue, majority Board approval was required for any assignment of the lease upon sale of the shares of a unit. The proprietary lease further provided that "[t]here shall be no limitation * * * on the right of the Directors or lessees to grant or withhold consent, for any reason or for no reason, to an assignment, where such consent is required, except that the Directors (acting as a Board) shall not unreasonably withhold their consent to an assignment."

By contract dated October 19, 1991, plaintiffs sought to sell their cooperative housing unit to third parties (the St. Johns), but were denied consent of the Board. Plaintiffs thereafter commenced this action, contending that this denial breached both the consent provision of the proprietary lease and the Board's general fiduciary obligation to fellow shareholders. Plaintiffs alleged that the Board had denied consent to the transfer on account of an animus against plaintiffs resulting from litigation conducted against the corporation by a third party over an accident which had occurred at plaintiffs' unit; plaintiffs further claimed that some Board members sought to condition sale of the unit upon a future waiver by the St. Johns of the right, enjoyed by all shareholders under the proprietary lease but apparently exercised by few, to sublet their unit after the purchase. At trial, defendant argued that the Board had denied consent to the transfer for other reasons, including technical problems in the sale contract and bad prior experiences with the St. Johns, who had previously rented units on the property; defendant conceded at trial that one or more members of the Board were concerned about the sublet issue.

The first trial of this matter resulted in a hung jury. In a second, bifurcated trial, the jury concluded that defendant had unreasonably withheld consent to the transfer. Thereafter, the trial court granted defendant's motion for judgment notwithstanding the verdict, concluding that the jury's findings were contrary to the evidence and the law. Plaintiffs appealed.

We reverse. It is well established that "[j]udgment as a matter of law may be granted to a party after a contrary jury verdict only if 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Frances G. v Vincent G.,* 71 NY2d 1001, 1002). That is not the case here. Although cooperatives have exceedingly broad discretion in admissions decisions

(*Weisner v 791 Park Ave. Corp.*, 6 NY2d 426, 434), a cooperative corporation has a fiduciary duty to treat its shareholders fairly and evenly, and must discharge that duty with good faith and scrupulous honesty (*Aronson v Crane*, 145 AD2d 455, 456-457). Any departure from uniform treatment of shareholders must be in furtherance of a justifiable and bona fide business purpose (*Schwartz v Marien*, 37 NY2d 487, 491-493; *Aronson v Crane, supra*). Upon review of the evidence submitted at trial, and especially in light of the absence of evidence of adverse conduct by the St. Johns, we conclude that the jury might rationally have determined that defendant's asserted grounds for denying consent to transfer of the proprietary lease and shares were pretextual, that the denial was based instead upon the Board's anger over the litigation and failure to obtain a waiver of the St. Johns' future sublet rights, and that these grounds for refusal were unreasonable and lacked a bona fide business purpose. Consequently, the jury verdict should be reinstated and the matter remanded for a trial on the issue of damages. Concur—Murphy, P. J., Milonas, Wallach, Ross and Nardelli, JJ.