■ Stephen Stowe, Individually and as Executor of Jonathan Stowe, Deceased, Appellant, v 19 East 88th Street, Inc., Respondent. (And Another Action.) [683 NYS2d 60] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about December 11, 1997, insofar as it granted defendant's motion to dismiss the amended complaint, unanimously modified, on the law, the motion denied with respect to the first and fourth causes of action, and otherwise affirmed, and the matter remanded for further proceedings, with costs. Pending the resolution of this matter, no warrant of eviction shall issue, subject to further order of Supreme Court, New York County.

Plaintiff's application for transfer of a proprietary lease and its stock to his name was denied, purportedly for failure to establish financial responsibility. Plaintiff, a medical doctor, is the legatee of an Upper East Side Manhattan apartment formerly occupied by his late brother, and is also the executor of his brother's estate. At the time of the brother's death, in April 1988, plaintiff was caring for his mother, who passed away in November 1990. Plaintiff was then in the midst of changing professional specialties, from oncology to anesthesiology. Because of these personal pressures, plaintiff was late in

probating his brother's estate and in formally effecting a transfer of the apartment to his own name. Plaintiff moved into the fifth-floor apartment in March 1992, upon completing his hospital residency in the new specialty. He requested and received a stairway key from the management (so as to avoid having to use the elevator on the Sabbath), and continued to pay the maintenance on the apartment from his own (rather than estate) funds.

In early 1993, defendant cooperative corporation served a holdover petition in a Civil Court proceeding to evict plaintiff and terminate the proprietary lease, which was still in the name of the deceased brother. Later that year, plaintiff submitted a formal request for permission to transfer the apartment to his own name. His net worth at that time was in excess of $900,000; his late mother's apartment was valued at $235,000. Meanwhile, the management company held plaintiff's monthly maintenance checks without cashing them, until it was stipulated that the transfer of these funds would be without prejudice to either party's claim to the premises. Over the next four years, plaintiff's financial condition improved to a net worth of $1.6 million, with a six-figure income, although his income has recently declined due to personal health problems.

When defendant refused to permit the transfer, plaintiff sought a declaration in Supreme Court, in 1994, as to his rights under the lease. The instant action, seeking to compel defendant to record the assignment to plaintiff, is a successor to that litigation, and has been consolidated with defendant's summary holdover proceeding.

Section 16 (b) of the proprietary lease provides that should the lessee die, consent to an assignment of the leasehold to a financially responsible relative "shall not be unreasonably withheld". Without specifying its objections and laying them open to scrutiny, defendant cannot justify its refusal simply by arguing that it exercised "business judgment" in reaching its determination. That defense does not preclude material issues of fact from being tried against the standard of reasonableness called for in this lease. A cooperative board owes a fiduciary duty to its shareholders, and the issue of whether defendant appropriately discharged that duty or acted unreasonably with respect to this plaintiff, in the latter's capacity as executor of his brother's estate, is one of fact (*see, Demas v 325 W. End Ave. Corp.*, 127 AD2d 476, 478).

The only reasons cited for defendant's refusal are plaintiff's "chronic arrears" in maintenance payments over the course of 22 months (during which period plaintiff's checks were being

held uncashed by the management), untimely submission of an earlier application for consent (notification of which remains to be proven), occupancy without consent (at a time when plaintiff was in possession of a stairway key given to him by management), and an unproven allegation of arrears in meeting electrical utility charges. These allegations must be examined in the light of the standard of reasonableness called for in the proprietary lease. Accordingly, the first cause of action, seeking declaratory relief, remains viable, as does the fourth cause, seeking reasonable legal fees pursuant to section 28 of the proprietary lease and Real Property Law § 234.

Defendant's motion to dismiss this appeal for untimely prosecution is denied. Plaintiff's cross motion for a stay of eviction pending appeal is denied as academic. Defendant's cross motion for oral argument on the appeal is denied, nunc pro tunc. Concur—Sullivan, J. P., Rosenberger, Wallach, Mazzarelli and Andrias, JJ.