■ LOUIS AND ANNE ABRONS FOUNDATION, INC., Appellant, v 29 EAST 64TH STREET CORPORATION, Respondent. [746 NYS2d 482]

Defendant 29 East 64th Street Corporation (the Cooperative)

is a cooperative corporation which owns a 50-unit building consisting of 43 residential units and seven ground-floor commercial units. Plaintiff Louis and Anne Abrons Foundation, Inc. holds the shares and proprietary leases to the commercial units and has continually sublet them since becoming a shareholder. In 1978, an earlier dispute arose between the parties primarily concerning the Cooperative's refusal to renew plaintiff's proprietary leases as the result of certain signs plaintiff contended it was permitted to display. The trial court held, inter alia, that plaintiff was entitled to renewal of its proprietary leases and further provided that the new leases should contain "no provision which shall have the effect of discriminating against or interfering with plaintiff as a proprietary lessee and as the sub-lessor of the stores." This Court modified that order to the extent of reinstating certain counterclaims interposed by the Cooperative regarding the signs displayed by plaintiff's subtenants, and directed plaintiff to remove the signs (78 AD2d 814).

On December 8, 1999, the Cooperative passed a resolution amending the proprietary leases to include, inter alia, a sublease and transfer fee (flip tax). The Board of Directors of the Cooperative (the Board), however, had, in 1992, banned subleasing by residential tenants. Thus, only plaintiff was to be subject to the new sublet fee.

Plaintiff subsequently commenced the within declaratory judgment action seeking a declaration that the new sublet fees were void on the grounds that: they were discriminatory and violated the fiduciary duty owed to plaintiff by the Board and the majority shareholders; they violated Business Corporation Law § 501 (c); they violated the prior decision of this Court, which prohibited discrimination against plaintiff as sublessor of the commercial space; and they violated the covenant of good faith and fair dealing. Plaintiff then moved, and the Cooperative cross-moved for summary judgment. The Cooperative noted in its moving papers that the Board had determined that residential subleases were once again allowed, although the Board reserved the power to deny any residential sublet in its sole discretion, whereas permission to sublet the commercial space was subject to a "could not be unreasonably withheld" standard. Plaintiff labeled the Board's assertion that it would allow residential subleases a "hollow promise," to which the Board replied that it had approved a residential sublease, which permission had been granted to a Board member for a one-year term. The motion court granted the Cooperative's cross motion and dismissed the complaint, finding that

plaintiff's allegations concerning the discriminatory application of the sublet fee were insufficient to defeat a motion for summary judgment. We disagree.

In *Matter of Levandusky v One Fifth Ave. Apt. Corp.* (75 NY2d 530), the Court of Appeals held that: "[T]he board owes its duty of loyalty to the cooperative—that is, it must act for the benefit of the residents collectively. So long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgment for the board's. Stated somewhat differently, unless a resident challenging the board's action is able to demonstrate a breach of this duty, judicial review is not available." (At 538.)

The Court continued that: "The business judgment rule protects the board's business decisions and managerial authority from indiscriminate attack. At the same time, *it permits review of improper decisions, as when the challenger demonstrates that the board's action * * * deliberately singles out individuals for harmful treatment * * *"* (at 540 [emphasis added]).

In *Smolinsky v 46 Rampasture Owners* (230 AD2d 620, 622), this Court found that "a cooperative corporation has a fiduciary duty to treat its shareholders fairly and evenly, and must discharge that duty with good faith and scrupulous honesty * * * Any departure from uniform treatment of shareholders must be in furtherance of a justifiable and bona fide business purpose [citations omitted]."

The motion court relied on the fact that a single resident, a Board member, had been granted permission to sublet her apartment and been assessed the sublet fee, thus concluding that defendant had established the sublet fee was applicable to all residents. At the time the sublet fee was enacted, however, residents were not permitted to sublet their apartments, and the fee would necessarily have fallen exclusively on plaintiff. In addition, the Board only announced that it would permit residential subletting after the commencement of this action, and the only residential sublet it permitted was of a Board member's apartment. Coincidentally, the approval of the Board for the sublease of that apartment is dated the same day that plaintiff submitted its affidavit characterizing the Cooperative's contention that residents would be allowed to sublet as a "hollow promise." In other words, it certainly appears to be a reasonable inference that the sublease was created and/or approved solely for the sake of the pending motions. Moreover, the Cooperative retains complete discretion as to which future residential sublets will be permitted; and a review of the

minutes of two Board meetings which took place prior to the enactment of the sublet fee reveals the members of the Board having discussions which concerned requiring plaintiff to pay a sublet fee.

In view of the foregoing, we conclude that plaintiff has presented sufficient evidence to raise a triable issue of fact as to whether the sublet fee was imposed in bad faith and meant to solely impact plaintiff. Concur—Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.