■ BARBARA A. SIMON et al., Appellants, v 160 WEST END AVENUE CORPORATION et al., Respondents. [775 NYS2d 851]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about July 21, 2003, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiffs' first cause of action, insofar as it alleges that defendant residential cooperative breached its fiduciary duty to plaintiff Simon's decedent when, through use of false statements about plaintiffs, it attempted to influence the decedent not to transfer her interest in the subject apartment to plaintiffs, was properly dismissed on the ground that the complaint fails to allege how the co-op's treatment of the decedent differed from its treatment of other similarly situated shareholders (*see Aronson v Crane,* 145 AD2d 455, 456 [1988]; *Smolinsky v 46 Rampasture Owners,* 230 AD2d 620, 622 [1996]). The remainder of the first cause of action, which alleges that it was also a breach of fiduciary duty for the co-op to rely on such false statements in rejecting first the decedent's and then plaintiffs' requests for a transfer of the shares, was properly dismissed on the ground that such allegations do not show the bad faith necessary to permit an inference that the rejection was motivated by other than legitimate concerns for the welfare of the co-op and its shareholders (*see Simpson v Berkley Owner's Corp.,* 213 AD2d 207 [1995]; *Peabody v Crosby Landmark Corp.,* 269 AD2d 190 [2000]). The same failure to sufficiently allege bad faith warrants dismissal of the second cause of action, which

seeks to compel the co-op to transfer the shares to plaintiffs, and the fifth cause of action, which seeks damages for defendants' tortious interference with plaintiffs' contract with decedent. The third cause of action, which alleges that the co-op, in violation of, inter alia, its certificate of incorporation, established a second class of shareholders by refusing to permit plaintiff Simon to occupy the apartment in her capacity as the decedent's executor, was properly dismissed as barred by res judicata. As the motion court held, Civil Court effectively rejected this claim when it determined that Simon was occupying the apartment in her individual capacity and granted the co-op a full judgment of possession. The fourth cause of action, which claims an improper denial of access to the co-op's shareholder list, was properly dismissed for failure to allege when, where and by whom plaintiffs were denied access (CPLR 3013; *see Foley v D'Agostino,* 21 AD2d 60, 63 [1964]). The sixth cause of action, for defamation of plaintiff Simon, was in part properly dismissed as time-barred (CPLR 215 [3]), as was the seventh cause of action for defamation of plaintiff Porteous. The remaining part of the sixth cause was properly dismissed for failure to set forth with particularity to whom the statements were made (*see Vardi v Mutual Life Ins. Co. of N.Y.,* 136 AD2d 453, 456 [1988]). The eighth cause of action, for intentional infliction of emotional distress, was properly dismissed on the ground that defendants' alleged conduct was not sufficiently outrageous (*see Howell v New York Post Co.,* 81 NY2d 115, 122 [1993]). Concur—Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.