CYRILLE ALLANNIC et al., Appellants, v PAUL LEVIN et al., Respondents. [870 NYS2d 286]—

The business judgment rule does not foreclose inquiry into the disinterested independence of those members of the board chosen to make the corporate decision on its behalf (*Auerbach v Bennett*, 47 NY2d 619, 631 [1979]). The rule shields such directors only if they possess a disinterested independence and do not have dual relations that prevent an unprejudicial exercise of judgment (*id.*; *Matter of Comverse Tech., Inc. Derivative Litig.*,

56 AD3d 49, 57-60 [2008]). The defendant housing cooperative board members were not disinterested members when they voted to enter into a lease extension of a master lease pursuant to which all of the shareholders would not be treated fairly and evenly. As such there are questions of fact regarding whether the board engaged in self-dealing and whether its failure to treat all shareholders fairly and evenly constitutes a breach of its fiduciary duties (*see Schwartz v Marien*, 37 NY2d 487, 491-492 [1975]; *Aronson v Crane*, 145 AD2d 455, 456 [1988]; *Demas v 325 W. End Ave. Corp.*, 127 AD2d 476, 478 [1987]). Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ. [*See* 2008 NY Slip Op 30011(U).]