■ BOARD OF MANAGERS OF WATERFORD ASSOCIATION, INC., on Behalf of the Unit Owners, Respondent, v NEGAR SAMII,

Individually and as Executrix of MOHAMMED REZA SAMII, Deceased, Appellant. [900 NYS2d 860]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 21, 2009, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its third cause of action by declaring plaintiff's right of access to defendant's unit in accordance with the condominium bylaws, dismissed the counterclaim for nuisance, and denied defendant's motion for summary judgment seeking dismissal of the second cause of action for injunctive relief, unanimously affirmed, without costs.

Absent a determination defining the rights and responsibilities of these litigants, it is likely that defendant's conduct will, at some future date, be repeated. Accordingly, the dispute between the parties remains justiciable, and a declaratory judgment defining the parties' rights and obligations is appropriate (*Sherry v New York State Educ. Dept.*, 479 F Supp 1328, 1335 [WD NY 1979], cited with approval in *Wavertree Corp. v 136 Waverly Assoc.*, 258 AD2d 392 [1999]).

The evidence submitted by plaintiff in support of its motion for summary judgment, which was not contradicted, negates defendant's assertions that plaintiff's challenged acts were made in bad faith or constituted improperly disparate treatment of defendant. Accordingly, the court correctly determined as a matter of law that the challenged acts were protected by the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-540 [1990]; *Katz v 215 W. 91st St. Corp.*, 215 AD2d 265 [1995]).

On her counterclaim for nuisance, defendant has not pleaded facts sufficient to demonstrate diminution of value or use of the property, which is necessary for a measurement of damages (*see Guzzardi v Perry's Boats*, 92 AD2d 250, 254 [1983]).

We have considered defendant's remaining argument and find it unavailing. Concur—Andrias, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ. **[Prior Case History: 2009 NY Slip Op 31037(U).]**