*494 Order, Supreme Court, New York County (Judith J. Gische, J.), entered October 25, 2011, which granted defendant Charles House Condominium’s motion for summary judgment dismissing the breach of duty of loyalty claim brought on behalf of the condominium, and denied plaintiffs motion to compel discovery, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 19, 2012, which, upon reargument of the condominium’s motion, adhered to the original determination, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered September 12, 2012, which granted defendant Mahir Radoniqi’s motion for summary judgment dismissing the private nuisance cause of action against him, and denied plaintiffs motion to compel discovery, unanimously affirmed, with costs.
The condominium made a prima facie showing that its board of directors’ decisions and actions related to the allegations of misconduct on the part of its employee, Radoniqi, were within the scope of its authority and were made in good faith, and therefore are entitled to deference under the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]). Plaintiff failed to raise a triable issue of fact, as he failed to submit any evidence to substantiate his allegations of bad faith (compare Jones v Surrey Coop. Apts., 263 AD2d 33, 36-37 [1st Dept 1999], with Louis & Anne Abrons Found. v 29 E. 64th St. Corp., 297 AD2d 258 [1st Dept 2002]).
Radoniqi made a prima facie showing that his renovation work at the premises abutting plaintiffs unit did not amount to a private nuisance, and plaintiff failed to raise a triable issue of fact. Plaintiff had no personal knowledge of the specific types of work Radoniqi performed, and his remaining allegations were simply too speculative and conclusory to have merit (see Cedar & Wash. Assoc., LLC v Bovis Lend Lease LMB, Inc., 95 AD3d 448, 449 [1st Dept 2012]). Moreover, plaintiff never presented evidence or “pleaded facts sufficient to demonstrate diminution of value or use of the property, which is necessary for a measurement of damages” on a claim for nuisance (see Board of Mgrs. of Waterford Assn., Inc. v Samii, 73 AD3d 617, 618 [1st Dept 2010]).
The court properly decided the motions for summary judgment, despite plaintiff’s claimed need for further discovery, since plaintiff offered only an unsubstantiated hope of discovering information relevant to his claims (see CPLR 3212 [f]; Leonard v Gateway II, LLC, 68 AD3d 408, 410 [1st Dept 2009]).
*495 We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Gonzalez, P.J., Friedman, AbdusSalaam, Román and Clark, JJ.