■ ALEKSANDAR PILIPOVIC et al., Respondents-Appellants, v LAIGHT COOPERATIVE CORP. et al., Appellants-Respondents. [29 NYS3d 280]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 30, 2015, which, to the extent appealed from, denied defendants' motion insofar as it sought to dismiss the first, second, third, and fourth causes of action, and granted the motion insofar as it sought to dismiss the fifth and sixth causes of action, unanimously modified, on the law, to deny the motion as to the fifth and sixth causes of action, and otherwise affirmed, with costs against defendants.

Plaintiffs, tenant/shareholders of defendant Laight Cooperative Corp., sought consent from defendant Board of Directors to make alterations to the loading dock adjacent to their ground-floor apartment for reasons of safety and aesthetics. The motion court correctly determined that plaintiffs' application was required to be considered under paragraph 21 (a) of the proprietary lease, which provides that consent for alterations shall not be unreasonably withheld or delayed (*see Silver v Murray Hill Owners Corp.*, 2013 NY Slip Op 33133[U] [Sup Ct, NY County 2013], *affd* 126 AD3d 655 [1st Dept 2015]). Defendants' contention that the alterations provision of the lease applies only when a lessee seeks to make alterations to areas under his or her exclusive ownership, and not to common areas, is without merit, since the provision unambiguously states that it applies to proposed alterations to the "apartment or building." As amplified by plaintiffs' submissions in opposition to defendants' motion, the complaint raises issues as to whether defendants' action in denying plaintiffs' application was unreasonable. Thus, the first and second causes of action, which seek a judgment declaring that the Coop and the Board breached their obligations under the lease by unreasonably withholding consent to the alterations application and that the application meets all reasonable criteria for Board approval, were correctly sustained.

The fourth cause of action, alleging breach of fiduciary duty against the Board and defendant Marshad, its president, was correctly sustained. Plaintiffs' have alleged sufficient facts to raise issues as to whether the Board and its president acted in good faith and for the purposes of the cooperative in denying the alterations application or were motivated by personal animus (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]; *see Smolinsky v 46 Rampasture Owners*, 230 AD2d 620, 622 [1st Dept 1996]).

The third cause of action, alleging a violation of Business Corporation Law § 501 (c), which requires parity of rights granted to shareholders by the lease or bylaws, is adequately pleaded to the extent plaintiffs allege that, as a result of defendants' conduct, they were the only shareholders whose apartment has only one safe mode of egress (*see Spiegel v 1065 Park Ave. Corp.*, 305 AD2d 204 [1st Dept 2003]; *Wapnick v Seven Park Ave. Corp.*, 240 AD2d 245 [1st Dept 1997]; *510 E. 84th St. Corp. v Genitrini*, 2011 NY Slip Op 50202[U] [Sup Ct, NY County 2011]).

As to the fifth and sixth causes of action, alleging discrimination under the State and City Human Rights Laws (*see Execu-*

tive Law § 296 [5] [a] [2]; Administrative Code of City of NY § 8-107 [5] [a] [2]), plaintiffs have alleged sufficient facts to raise issues as to whether defendants made the determination to deny the alterations application on account of plaintiffs' race or national origin. In particular, plaintiffs point to email exchanges between the board president and the former building manager, including one that could be construed as referring to plaintiff Chantay Pilipovic's race in a derogatory manner and another apparently ridiculing plaintiff Alexsandar Pilipovic's Eastern-European nickname. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.