601 West 136 Street HDFC, Petitioner-Appellant, 
against
Yvette M. Tsiropoulos, Yvette M. Tsiropoulos as Voluntary Administrator of the Estate of William V. Morales, a/k/a William Morales, and Yvette M. Tsiropoulos, as Voluntary Administrator of the Estate of Luz Morales, a/k/a Luz Maria Pietri Morales, Respondents-Respondents.



Petitioner appeals from a final judgment of the Civil Court of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about March 13, 2017, after a nonjury trial, dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about March 13, 2017, affirmed, with $25 costs.
A fair interpretation of the trial evidence supports the court's determination that respondent, the daughter of the deceased shareholders of an HDFC cooperative apartment, was a financially responsible individual and that petitioner HDFC breached paragraph 5.05(b)(ii)(B) of the proprietary lease by unreasonably withholding consent to transfer the shares and lease to respondent (see Estate of Del Terzo v 33 Fifth Ave. Owners Corp., 136 AD3d 486 [2016], affd 28 NY3d 1114 [2016]; Stowe v 19 E. 88th St., 257 AD2d 355 [1999]; see also Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). The evidence showed that respondent's income was adequate to meet current and future obligations, including maintenance of $275 per month plus utilities (compare Matter of Chapman v 2 King St. Apts. Corp., 8 Misc 3d 1026[A], 2005 NY Slip Op 51294[U] [Sup Ct, NY Co 2005]).
The court properly found that respondent's failure to submit tax returns was not a legitimate basis for petitioner to conclude that respondent was not "financially responsible," since none of the governing documents - proprietary lease, corporate bylaws, the application petitioner provided to respondent - required such production and her verified social security income was [*2]more than sufficient for her to meet her expected obligations to the cooperative. Nor, in the particular circumstances of this case, did respondent's decision, as voluntary administrator of the estates of her parents, to temporarily withhold maintenance, preclude a finding that respondent, individually, is a financially responsible individual, where the nonpayment was grounded in a complaint against the building for promised reimbursement for repairs to the apartment.
We have considered petitioner's remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 29, 2018