Graham v 420 E. 72nd Tenants Corp. (2019 NY Slip Op 00409)





Graham v 420 E. 72nd Tenants Corp.


2019 NY Slip Op 00409


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8209 154712/15

[*1]Sharie Graham, Plaintiff-Respondent,
v
420 East 72nd Tenants Corp., et al., Defendants-Appellants.


Milber Makris Plousadis & Seiden, LLP, White Plains (Lorin A. Donnelly of counsel), for appellants.
Kishner Miller Himes P.C., New York (Scott Himes of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about December 22, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to the individual defendants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff presented sufficient evidence to raise a triable issue of fact as to whether defendant cooperative board rejected the offers to purchase the subject unit in bad faith and for purposes of retaliation (see Pilipovic v Laight Coop. Corp., 137 AD3d 710 [1st Dept 2016]; Louis & Anne Abrons Found. v 29 E. 64th St. Corp., 297 AD2d 258 [1st Dept 2002]).
As the complaint does not allege individual wrongdoing by defendant board members separate and apart from their collective action taken on behalf of the cooperative, no breach of fiduciary duty claim lies against the individual defendants (Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500 [1st Dept 2018]). Indeed, as the complaint does not specifically allege, and there is no record evidence of, any individual defendant's participation in the board's allegedly wrongful conduct or bad faith motive therefor, none of the claims can be sustained against any of the individual defendants (see Sayeh v 66 Madison Ave. Apt. Corp., 73 AD3d 459 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK