Housing Opportunities Made Equal v DASA Props. LLC (2023 NY Slip Op 03607)

Housing Opportunities Made Equal v DASA Props. LLC

2023 NY Slip Op 03607

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

381 CA 22-01578

[*1]HOUSING OPPORTUNITIES MADE EQUAL, PLAINTIFF-APPELLANT,
v
DASA PROPERTIES LLC, PENINSULA WHOLESALE HOLDINGS CORP. AND LISA SMITH, DEFENDANTS-RESPONDENTS. 

CIVIL RIGHTS & TRANSPARENCY CLINIC, BUFFALO (JARED WALDRON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (NICHOLAS M. HRICZKO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 26, 2022. The order granted the motion of defendants to dismiss the amended complaint and dismissed the amended complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the second cause of action is reinstated.
Memorandum: Plaintiff, Housing Opportunities Made Equal, commenced this action against defendants, owners and a property manager of certain rental properties, seeking, among other relief, compensatory and punitive damages for defendants' alleged discriminatory conduct based on potential renters' lawful source of income. Supreme Court granted defendants' motion to dismiss the amended complaint pursuant to, inter alia, CPLR 3211 (a) (7). As limited by its brief, plaintiff appeals from the ensuing order to the extent that it granted the motion with respect to the second cause of action, for a violation of Executive Law § 296 (5), and we reverse the order insofar as appealed from.
We reject at the outset defendants' contention that plaintiff lacks standing with respect to the second cause of action. In their pre-answer motion to dismiss, defendants argued that plaintiff lacked standing on the first cause of action, but they explicitly stated that they were not arguing that plaintiff lacked standing on the second cause of action. We thus conclude that any objection by defendants to plaintiff's standing with respect to the second cause of action is waived (see generally Matter of Fossella v Dinkins, 66 NY2d 162, 167-168 [1985]; Matter of Lebron v McGinnis, 26 AD3d 658, 658 [3d Dept 2006], lv denied 7 NY3d 704 [2006]).
We agree with plaintiff that the court erred in granting the motion with respect to the second cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7), we "must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . 'the benefit of every possible favorable inference' " (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
Executive Law § 296 (5) (a) (2) provides in relevant part that it "shall be an unlawful discriminatory practice for the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be [*2]constructed, or any agent or employee thereof . . . [t]o discriminate against any person because of . . . lawful source of income . . . in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith." Plaintiff alleged in its amended complaint that it sent two testers to defendants' properties seeking to rent the properties. The testers asked defendants if they accepted security agreements, which are issued by the Erie County Department of Social Services to landlords in the amount of one month's rent in lieu of a cash deposit. Defendants responded that they accepted those agreements, but that they also required tenants to put down a cash deposit of one-half of a month's rent for the security deposit.
Plaintiff contends that the amended complaint stated a cause of action under Executive Law § 296 (5) (a) (2). Although we agree with defendants that plaintiff's contention is raised for the first time on appeal, we address it inasmuch as it involves "question[s] of law appearing on the face of the record . . . [that] could not have been avoided by [defendants] if brought to [their] attention in a timely manner" (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]; see Capretto v City of Buffalo, 124 AD3d 1304, 1307 [4th Dept 2015]). We conclude that the amended complaint states a cause of action under Executive Law § 296 (5) (a) (2) (see generally Pilipovic v Laight Coop. Corp., 137 AD3d 710, 711-712 [1st Dept 2016]). The allegations in the amended complaint support the inference that, for a person whose lawful source of income is public assistance (see § 292 [36]), defendants imposed a different term or condition for the rental than for a person whose lawful source of income was not public assistance. In particular, for a person on public assistance, defendants required one-half's month rent, in cash, as a security deposit in addition to the security agreements.
In light of our determination, we do not address plaintiff's further contention that the second cause of action also stated a claim under Executive Law § 296 (5) (a) (1).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court