Lee v Jay Hous. Corp. (2025 NY Slip Op 07337)

Lee v Jay Hous. Corp.

2025 NY Slip Op 07337

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Index No. 656670/21|Appeal No. 5475|Case No. 2025-00542|

[*1]Esther Lee, Plaintiff-Appellant,
v
Jay Housing Corporation, et al., Defendants-Respondents.

Boyd Richards Parker & Colonnelli, P.L., New York (Frederick C. Sung of counsel), for appellant.
Borah, Goldstein Altschuler, Nahns & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 18, 2024, which denied plaintiff's motion for partial summary judgment on the fifth and sixth causes of action for declaratory and injunctive relief and dismissal of defendants' first, second, seventh, and eighth counterclaims, unanimously affirmed, without costs.
The court properly determined that plaintiff's motion for summary judgment was premature and that discovery is necessary in this action. Plaintiff sought summary judgment declaring that defendants imposed improper conditions on the sale of her apartment, enjoining defendants from imposing the conditions on the sale, and dismissing defendants' counterclaims for an inspection of the apartment, to allocate additional shares to plaintiff's apartment to include roof space, to require plaintiff to pay certain fines imposed against the cooperative building, and to require plaintiff to obtain a permanent certificate of occupancy (CO) for the building.
By its terms, defendant cooperative corporation's offering plan and bylaws do not permit defendant board of directors to allocate additional shares to plaintiff's apartment in the circumstances here. Although article V, section 7 permits additional shares to be issued where apartments are combined or additional space is added to an apartment "not covered by a proprietary lease," the offering plan expressly states that plaintiff's unit was allocated additional shares at its inception for "[e]xclusive use and right to build" on the building's roof. The motion court, however, properly held that because plaintiff has submitted affidavits from former shareholders asserting that the board of directors' May 2014 resolution is dispositive of this issue but that the resolution cannot be located, discovery is required to determine whether the resolution is truly lost, and, if so, whether it's contents can be determined to the satisfaction of the best evidence rule.
Further, under section 16(c) of the proprietary lease, defendants may grant or withhold consent with respect to an assignment of the proprietary lease "for any reason or for no reason." However, for the board of directors' conditional consent at issue here to enjoy the protections of the business judgment rule, the conditions must relate to the welfare of the cooperative and fall within the scope of the board of directors' authority (see Matter of Levandusky v One Fifth Ave. Apt. Corp. , 75 NY2d 530, 540 [1990]). To the extent that the May 2014 resolution may bear on the propriety of board-imposed conditions on plaintiff's transfer of her proprietary lease, discovery is necessary to provide the parties with the opportunity to locate it or establish its terms (see Demas v 325 W. End Ave. Corp. , 127 AD2d 476, 477 [1st Dept 1987]).
Defendants' seventh and eighth counterclaims relate to the sale conditions that require plaintiff to pay fines imposed by the New York City Department of Buildings (DOB) and to obtain a permanent CO. Defendants do not point to any legal or contractual authority that would permit the cooperative to delegate to plaintiff, as an individual shareholder, building-wide obligations like its adherence to Local Law 11 or to require plaintiff to clear DOB violations caused by other shareholders in other units (see Matter of Levandusky , 75 NY2d at 540). Nevertheless, defendants' seventh and eighth counterclaims may be viable to the extent defendants can show, after discovery, that plaintiff is responsible for any DOB violations, or if the May 2014 board resolution addresses obtaining a permanent CO. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025